GENEVA GENISHEVSKY *vs.* ISADORE FISHBONE ET AL.

*First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued January 8th—decided March 2d, 1929.

* Transferred from the Second Judicial District.

*Charles V. James,* with whom, on the brief, were *John H. Barnes* and *Arthur M. Brown,* for the appellants (defendants).

*Thomas M. Shields,* with whom was *Charles W. Cassidy,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged that on March 31st, 1927, the defendant Fishbone, by his servant the defendant Chiat, negligently operated a motor vehicle with insufficient brakes, at a dangerous rate of speed, and failed to give any warning of its approach, and by reason of such negligence struck the plaintiff, breaking her left leg. At the time that the plaintiff, who was not quite five years of age, sustained her injury the defendants' truck was being operated in a northerly direction along a private driveway in the rear of a row of tenement houses in Hallville, in one of which tenements the plaintiff lived with her parents. At the end of and adjoining the building in which she lived was a flight of steps leading from the level of the highway, which is in front of the houses, to the yard below, the bottom step being about fifteen feet distant from the nearest edge of the driveway. The westerly side of the driveway was within three feet of the northeast corner of the building. According to uncontradicted testimony, an automobile traveling north on the driveway could not be seen by a person on the steps or near the foot of them until the front of the car was about opposite the northeasterly end of the block. The defendant driver used the driveway frequently, was familiar with the surrounding condi-

tions, knew that children were likely to be about the rear yards and claimed that, for that reason, he exercised unusual care as to speed, lookout, and blowing of horn when passing through.

So far as the evidence discloses, the plaintiff was last seen, before she was injured, when she, with another child, was descending the steps. The next evidence as to her movements is that of the defendant driver that he heard a child cry, stopped, and then first saw the plaintiff, on her hands and feet to one side and to the rear of his truck, and in an injured condition. There is no evidence from which it could be found that the driver saw or ought to have seen the plaintiff at an earlier stage of the sequence of events, nor is there any direct evidence as to the manner in which she sustained her injuries.

The burden was upon the plaintiff to adduce evidence of facts from which the jury might reasonably have found not only that the defendant driver was negligent in some respect alleged but also that such negligence was the proximate cause of her injuries. She was bound to remove both of these issues from the realm of speculation, by establishing facts affording a logical basis for the inferences which she claims. *Simauskas* v. *Connecticut Co.*, 102 Conn. 61, 66, 127 Atl. 918, and cases cited.

The plaintiff's injury consisted of a compound comminuted fracture of both the tibia and fibula which, the medical evidence agreed, could only have been caused by a severe blow and, especially in the absence of any other probable cause, upon the facts disclosed by the evidence, it would be a fair inference, supported by opinion evidence, that the injury resulted from contact with the automobile, either by the leg being run over by a wheel or, possibly, by the child coming into collision with the side of the car. She

could have been so injured without having been seen by the driver.

Upon the evidence before them the jury might have found that the emergency brake of the defendants' car was repaired the next day after the plaintiff was injured and permissibly inferred therefrom that this brake was defective, but since they could not have found, reasonably, that the driver saw the child in season to have saved her from harm by the use of brakes, however effective, such a defect could not have been held to be a proximate cause of her injury. There was a decided divergence of testimony as to the speed at which the truck was traveling as it approached and passed the corner of the tenement block, and as to whether a horn was sounded, but if the jury accepted the testimony of one of the witnesses, as against that of the driver and another man, they might have found the rate of speed at which the car was traveling to have been about fifteen miles per hour, and that no horn was blown as the car approached the end of the tenement house. They might also reasonably have found that such speed, or failure to give warning, or both, were negligent under the circumstances and that, but for such rate of speed the child would not have been run over by or otherwise come in contact with the car, or, especially, that if the horn had been blown she would have been warned of the car's approach and enabled to avoid injury.

Considering the extreme youth of the plaintiff, failure definitely to negative contributory negligence on her part is not to be regarded as, of itself, necessarily affecting her right of recovery. *Simauskas* v. *Connecticut Co., supra,* p. 66. *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 53, 123 Atl. 25.

It is apparent from the record that the trial court adopted this view of the case, first in acting upon the

motion for a nonsuit and again in denying the motion to set aside the verdict. The conclusion which we reach from the record accords therefore with the result of the deliberations of the trial court upon the same points which were advantaged by helpful opportunities for observation of witnesses and other aids to the solution of close questions of this kind which are available only to the judge who conducted the actual trial and whose views, therefore, are entitled to much weight. *Schroeder* v. *Hartford,* 104 Conn. 334, 337, 132 Atl. 901.

We hold that the trial court was justified in refusing to disturb the verdict.

There is no error.

In this opinion the other judges concurred.