Anna Tomasko, Administratrix, (Estate of William Tomasko) *vs.* Ciro Raucci.

Third Judicial District, Bridgeport, April Term, 1931.
Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued April 21st—decided June 1st, 1931.

*William H. Comley,* with whom was *William Dorkin,* for the appellant (plaintiff).

*Charles J. Martin,* with whom was *Alexander L. DeLaney,* for the appellee (defendant).

Banks, J. On the night of September 6th, 1930, at about ten minutes after nine, the body of the plaintiff's intestate was found lying in Crescent Avenue in Bridgeport near the intersection of Helen Court. It is admitted that he was struck and killed by the defendant's automobile, but there was no eyewitness of

the accident other than the defendant and he did not testify upon the trial. The jury could reasonably have found the following facts: Crescent Avenue is a paved street running east and west and flanked on the north by a ramp carrying a spur track from the railroad viaduct, which track turns into Helen Court which intersects Crescent Avenue from the south. Seaview Avenue intersects Crescent Avenue at a point about twelve hundred feet east of Helen Court. At about five minutes past nine on the night in question a bus driver who was proceeding westerly on Crescent Avenue passed the deceased a short distance west of Seaview Avenue and about eight or nine hundred feet east of Helen Court. The deceased was walking westerly on the right side of the street near the railroad embankment drawing a little wagon upon which were two railroad ties. A small boy was walking in back of the wagon. The bus driver saw them when they were about one hundred and fifty feet ahead of him. The boy was the son of the deceased, aged three, and wore a white waist. His father wore no coat and had on a white shirt. About five minutes later another bus driver following the same route, when he was about eight or nine hundred feet west of Seaview Avenue, saw an object in the road one hundred and fifty to two hundred feet ahead of him. This object was the decedent, who lay upon the pavement in the intersection of Crescent Avenue and Helen Court near the curve of the spur track and north of the center of Crescent Avenue. The boy lay in the spur track about thirty-five feet east of his father. The defendant's car was standing on the right-hand side of the street about fifty feet west of where the decedent's body lay, with the two railroad ties near its left front wheel. There was a mark on the road two or three inches wide and ninety to one hundred feet long, ex-

tending from the point where the spur track turned into Helen Court to the spot where the ties were. Later the little wagon was found by the side of the road badly broken. There was a tungsten street light at the southwest corner of Crescent Avenue and Helen Court and an arc light about one hundred and ninety feet east of Helen Court. There was introduced in evidence two sheets from the defendant's report of the accident to the motor vehicle commissioner, one of which was a diagram upon which the defendant had sketched the relative positions of the decedent and himself. The sketch showed the small wagon with a figure, presumably the decedent, in front of it, and another figure, presumably the small boy, in back of it, proceeding along the north side of Crescent Avenue parallel to the ramp and just east of the intersection of Helen Court, and the defendant's car at a considerable distance behind the wagon and proceeding in the same direction.

The court directed the jury to bring in a verdict in favor of the defendant, stating that, while it was not prepared to tell them that the plaintiff had failed to prove negligence on the part of the defendant, the evidence showed that there was no eyewitness of the accident, and was not sufficient to establish that the deceased was in the exercise of due care. The contributory negligence of the deceased, as well as the negligence of the defendant was a question of fact for the jury. The plaintiff is not required to assume the burden of proving his freedom from contributory negligence by direct evidence. *Ryan* v. *Bristol,* 63 Conn. 26, 27 Atl. 309; *Wood* v. *Danbury,* 72 Conn. 69, 43 Atl. 554. Even slight circumstantial evidence may be sufficient to justify a finding of due care upon all the probabilities of the case. *Kotler* v. *Lalley,* 112 Conn. 86, 90, 151 Atl. 433. The jury might reasonably have

found that at the time he was struck the deceased and his boy were proceeding along Crescent Avenue in the same manner as they were observed to be going shortly before by the first bus driver. It had before it, not only the testimony of the bus driver as to their movements prior to the accident, but the sketch made by the defendant upon the diagram filed with the motor vehicle commissioner, which showed them pursuing the same course at the time that the defendant's car was approaching them from the rear. The evidence would have justified the jury in reaching the conclusion that the defendant might have avoided striking them if he had been proceeding at a reasonable speed and keeping a proper lookout. The conduct of the decedent in proceeding along Crescent Avenue in the manner in which the jury might have found that he was traveling could not be said to be negligent as a matter of law. Whether he was in the exercise of due care was under all the circumstances a question of fact for the jury. Though there were no eyewitnesses of the accident other than the defendant, who elected not to testify, the case is unlike that of *Kotler* v. *Lalley, supra,* where there was no evidence in the case as to the movements of the plaintiff's decedent prior to the time that she was struck. Here there was sufficient circumstantial evidence of the conduct of the deceased to require the submission to the jury of the question of whether he was in the exercise of due care.

In the defendant's bill of exceptions error is assigned as to three rulings on evidence. A police officer was permitted to testify, over the objection of the defendant, that after the accident he went to the defendant's house twice that night but did not find him at home, that he did not go on Sunday, which was apparently the next day, but did go on Monday but did not

find him, and that he went again on Tuesday when he found the defendant at home. It appeared that the officer did not have a warrant for the arrest of the defendant at the time he was seeking him, and it had previously appeared in evidence that the defendant had remained at the scene of the accident and assisted in placing the body of the plaintiff's decedent in an automobile which left for the hospital before the defendant left the scene of the accident. The testimony of the police officer was not relevant to any issue before the court, could only have had the effect of creating an atmosphere prejudicial to the defendant, and should have been excluded.

The court did not err in admitting the evidence of the police officers as to the mark on the highway which was observed by one of them about an hour after the accident and by the other on the following morning.

There is error and a new trial is ordered.

In this opinion the other judges concurred.