JULIUS ODDWYCZ, ADMINISTRATOR (ESTATE OF ADAM WARENJUK) *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued June 3d—decided July 29th, 1931.

*Charles S. Hamilton* and *Morris M. Wilder,* for the appellant (plaintiff).

*Charles A. Watrous* and *Morris Tyler,* for the appellee (defendant).

HINMAN, J. The only evidence offered by the plaintiff as to the conduct and situation of his decedent prior to the time—about seven-forty p. m.—when he was seen by the defendant's motorman lying upon the tracks and was struck and killed by defendant's car was that at about six o'clock he left a store, about five minutes' walk from the place of the accident, and was seen between six-forty-five and seven o'clock walking on the street in the direction of the tracks. This was insufficient to remove from the realm of surmise and conjecture the question of his exercise of due care. *Plona* v. *Connecticut Co.*, 101 Conn. 445, 448, 126 Atl. 529. The reliance of the plaintiff, as on the former trial (*Oddwycz* v. *Connecticut Co.*, 108 Conn. 71, 142 Atl. 406), necessarily was upon the doctrine of supervening negligence. The same defect in proof above mentioned obtains as to the time and manner in which he came into the position of peril in which he was when first seen by the motorman. The only evidence as to the distance at which he was seen was the uncontradicted testimony of the motorman that it was about eighteen feet, and as to the speed of the car twenty-five miles per hour.

The argument that direction of the verdict was erroneous is grounded on a claim that the evidence was such as to permit the jury to find that the motorman, by the exercise of due care, could and should have seen the decedent a sufficient time and distance to have avoided striking him. This contention is based largely upon an assumption that the arc lamp on the car was lighted at the time and that, by its rays, the decedent could have been discovered much earlier than he was. This, however, is without support from the evidence. Indeed, there is quite conspicuously omitted from the examination of the motorman, who was called by the plaintiff, as to the equipment and operation of the

car, any question calculated to elicit information as to whether this lamp, or only the hoodlight, the range of which, the evidence agreed, was about twenty-five feet, was lighted at the time. Inference, if any be warranted, would indicate that the hoodlight was in use, as the car was traveling through a populous part of Beacon Falls and along a section of track adjoining a parallel, much traveled, state highway. The contention also involves the further assumption which, as has been noted, is without support from evidence, that the decedent had come into his situation upon the track a substantial time before he was in fact discovered there in close proximity to the oncoming car. Also it is by no means clear that, even if the decedent had been recumbent on the tracks for some time, and if the arc light had been in use, he could have been observed by the motorman much if any earlier than he was, owing to the curve in the track and other physical features which the exhibits unquestionably disclose. The trial court was justified in ruling that the plaintiff had not succeeded in adequately supplying the deficiencies in proof which were pointed out on the former appeal, and in directing a verdict for the defendant.

The proffer of evidence of a former motorman as to the distance that the light of the arc lamp would extend was predicated upon the above-mentioned assumption that this lamp was in use, and was cumulative in that ample evidence of a distance adequate to the plaintiff's claims had already been introduced. Moreover, the testimony offered was based on observations made on other cars at a much later time and the trial court was well warranted in its rulings that the required substantial similarity of conditions had not been established. *Antel* v. *Poli,* 100 Conn. 64, 76, 123 Atl. 272; *Tager* v. *Sullivan,* 113 Conn. 417, 155

Atl. 704; 1 Wigmore on Evidence (2d Ed.) § 442 *et seq.* Rulings excluding evidence by the same witness as to the distance required for stopping a trolley car at a given speed, on the ground of a like failure to comply with the requirement of similarity of conditions, were justified, and upon a later compliance the evidence was admitted. Resort to former evidence before a coroner under the guise of refreshing the recollection of a plaintiff's witness who, so far as the record discloses, required no such assistance, was properly denied. *Sandora* v. *Times Co., ante,* p. 574, 155 Atl. 819.

There is no error.

In this opinion the other judges concurred.