Mary A. Tynan, Administratrix, (Estate of Edward Francis Tynan) *vs.* Anton M. Lassen.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 21st—decided November 4th, 1931.

*Henry J. Calnen,* with whom, on the brief, was *Robert J. Travis,* for the appellant (plaintiff).

*Frank E. Dully,* for the appellee (defendant).

Per Curiam. The plaintiff's decedent was killed on the night of March 29th, 1931, by an automobile being driven by the defendant easterly on Park Street in Hartford, the accident occurring on the southerly side of that street about thirty feet easterly of Prospect Avenue. The only evidence offered by the plaintiff as to the movements or situation of her decedent prior to the accident was that he got out of a taxicab on the east side of Prospect Avenue about sixty or seventy feet north of Park Street with the intention of walking back to the Prospect Diner, which was

situated on the south side of Park Street slightly to the east of where he was struck, and a statement by the defendant made to a police officer. The statement was that when the defendant's car was about thirty feet east of Prospect Avenue the decedent was crossing Park Street from the north to the south side and the defendant did not see him until he struck him, that he had an umbrella over his head, and that after the accident a broken bottle was found in his pocket, and the defendant could smell liquor on his breath. There was a practically unobstructed view of Park Street to the west from the north curb opposite the point where the accident occurred. The circumstances point as strongly to the absence as to the existence of due care (*Kotler* v. *Lalley,* 112 Conn. 86, 90, 151 Atl. 433) and there was not sufficient evidence, either circumstantial or direct, to remove the question of contributory negligence from the realm of surmise and conjecture. *Oddwycz* v. *Connecticut Co.,* 113 Conn. 648, 155 Atl. 824. The action of the trial court in directing a verdict for the defendant must be sustained. The case of *Tomasko* v. *Raucci,* 113 Conn. 274, 155 Atl. 64, upon which the plaintiff relies, differs from the present case in that the jury there had before it not only testimony of the decedent's movements prior to the accident, but a sketch made by the defendant which showed him pursuing the same course at the time the defendant's car was approaching from the rear.

The plaintiff does not urge the claim set forth in the complaint that the defendant was guilty of wanton misconduct, as indeed she could not upon the evidence.

There is no error.