HENRY E. DUMOCHEL *vs.* VITO BECCE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided November 8th, 1934.

*William K. Lawlor,* for the appellant (defendant).

*Luke H. Stapleton,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action to recover for injuries received from being run into by a truck owned and operated by the defendant. The jury returned a verdict for the plaintiff which the defend-

ant moved to set aside. The appeal is from the denial of the motion.

The only questions involved are whether upon the evidence the jury was warranted in finding the defendant negligent and the plaintiff in the exercise of due care. The plaintiff was struck by the truck on South Main Street near the intersection of South Lounsbury Street in Waterbury on October 3d, 1933, at about six p.m. Taking the view of the evidence most favorable to the plaintiff, the jury might reasonably have found the following facts: South Main Street runs approximately north and south, and is forty-six feet three inches wide from curb to curb. It has a double line of trolley tracks running along it, the distance from the westerly curb to the nearest trolley rail being fifteen feet eight inches. On its easterly side, South Lounsbury Street, coming in at an acute angle from the north, intersects South Main but does not cross it. There is no distinct crossing from the west side of South Main to South Lounsbury Street. The vicinity of the intersection was well lighted.

Upon the day of the accident, the plaintiff left his place of business on Canal Street to walk south on South Main Street, and arrived at its intersection with South Lounsbury Street at about six o'clock. At a point a few feet south of the southerly curb line of South Lounsbury Street, he was seen to step from the curb on the west side of South Main Street into the traveled part of the highway, look in both directions, and proceed in front of an automobile which was parked along the west curb. When he had reached a point about six to eight feet from the west curb and about four to six feet south of the parked car, he stopped. At that time a Stewart dump truck, owned and operated by the defendant, Becce, was about twenty-five or thirty feet distant traveling south on

South Main Street toward the intersection on the west-. erly side of the south rail, and before it reached the point where the plaintiff was standing, it turned sharply to the left. The body of the truck was wider than the cab in which the driver was seated, and protruded over the wheels, and as the truck turned to the left sharply the rear end struck the plaintiff upon the side of the head, knocked him down and caused the injuries for which this action was brought. The driver did not observe the plaintiff standing in the highway until the cab had passed him and just before the rear end or tailboard had struck the plaintiff upon the left side of his face.

If the jury believed these to be the facts, it was warranted in reaching the conclusion that the driver of the truck was negligent in failing to see the plaintiff standing in the highway before the collision and in turning so sharply to the left as to cause the rear end to strike him.

The principal contention of the defendant upon this appeal is that upon these facts the jury was not warranted in finding that the plaintiff was in the exercise of due care. No witness testified that he saw the plaintiff at the actual moment of the collision, but his movements as he left the sidewalk and up to the time of the collision were described. It was within the province of the jury, from the evidence as to the plaintiff's position and his actions immediately before the accident, to draw reasonable and logical inferences as to his position and conduct at the moment thereof. *Weidlich* v. *New York, N. H. & H. R. Co.,* 93 Conn. 438, 441, 106 Atl. 323; *Ruerat* v. *Stevens,* 113 Conn. 333, 338, 155 Atl. 219; *Shaughnessy* v. *Morrison,* 116 Conn. 661, 664, 165 Atl. 553; *Tomasko* v. *Raucci,* 113 Conn. 274, 276, 155 Atl. 64. The decision in this case is ruled by these cases rather than by *Kotler* v. *Lalley,*

112 Conn. 86, 90, 151 Atl. 433, largely relied upon by the defendant. In the latter case, there was no evidence whatever as to the movements of the plaintiff's decedent prior to the time she was struck and killed, and nothing upon which any inference either of negligence or due care could be based.

There is no error.

In this opinion the other judges concurred.