THELMA FARQUHAR *vs.* OSCAR LARSON.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 2d—decided July 10th, 1936.

*Alexander Winnick,* with whom, on the brief, was *Max H. Schwartz,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellee (defendant).

PER CURIAM. The plaintiff, a six-year old child, brought this action to recover damages suffered when struck by an automobile alleged to have been driven by the defendant. The trial court at the close of the plaintiff's evidence, on motion of the defendant, directed a verdict for the latter and this appeal is taken from a refusal of the trial court to set aside that verdict. When struck, the plaintiff was in the street in front of her home and the point of the accident is fixed with considerable certainty as being about nine and one-half feet from the westerly curb of the street, which is twenty-five feet wide. The automobile was proceeding northerly and the child was struck by the left headlight. Skid marks indicated that the brakes had been applied about twenty feet before the car struck the child and that it proceeded some thirty or forty feet after the accident before coming to a stop. When last seen by any witness, the child was looking through a fence about seven feet easterly of the east curb of the street, watching some men at work, and no witness saw her thereafter until she was struck. How long a time before the accident she was seen and what she had done in the interval does not appear in the evidence, nor are there any facts which would form the basis of a reasonable inference as to her acts during this time. The case falls fully within our decision in *Simauskas* v. *Connecticut Co.,* 102 Conn. 61, 127 Atl. 918, where we said (p. 66): "As the plaintiff was only five years old, it may be admitted that he was not bound to prove that he exercised due care;

but the burden of proof was on the plaintiff to adduce evidence of the facts from which the jury might reasonably have found that the defendant's motorman was negligent as alleged and such negligence was the proximate cause of his injuries. We have repeatedly held that the plaintiff, in actions of this kind, is bound to remove the issues of negligence, or contributory negligence, from the realm of speculation, and to establish facts affording a logical basis for the inferences which he claims."

There is no error.