DOROTHY ESSERMAN *vs.* MARGARET MADDEN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 13th—decided December 9th, 1937.

*James W. Carpenter,* for the appellant (defendant).

*Barclay Robinson,* with whom, on the brief, was *Thomas L. Archibald,* for the appellee (plaintiff).

AVERY, J. This case was tried to the court; from the finding it appears that the defendant owned an apartment house on Westbourne Parkway in Hartford, consisting of two tenements, the front doors of which opened onto a common front porch under the control of the defendant, from which were four steps leading to a cement walk which led to the street. The riser of the bottom step was twelve and one-half inches high, while those of the three upper steps were seven and one-half inches high. There was no railing along the side of the steps and little light upon them. On the evening of May 4th, 1936, the plaintiff visited her daughter who occupied one of the tenements. About 9.30 p. m. she left her daughter's tenement and while descending the stairs lost her balance when stepping from the lowest tread to the walk, because of the disproportionate height of the step, fell and was injured. The trial court concluded that the difference in height between the lowest step and the other steps combined with the lack of light and of a hand rail constituted a dangerous condition, and that the defendant was negligent in maintaining and failing to correct this condition, and entered judgment for the plaintiff. In her appeal the defendant asked certain corrections of the finding and maintains that the finding as corrected would not support the judgment.

The trial court found that when the plaintiff stepped from the lowest of the steps to the cement walk she lost her balance because of the differences in the height of this step and the three top steps, and fell forward onto the cement walk. Unless the defendant is entitled to a correction of this vital finding she can-

not succeed upon this appeal. It appears from the record that the plaintiff was sick at the time of the trial and did not appear to testify in her own behalf, and the evidence as to how she fell consisted of the testimony of her grandson who was accompanying her and saw her fall, and the testimony of other witnesses as to the condition of the stairway and others who had fallen on it under similar conditions. The grandson, after stating that he was with her at the time of the accident and that it occurred between half past nine and ten o'clock at night and was on the lowest step of the house, stated that they went down the first three steps together and that as he got down the last step ahead of her, he was about to turn around, and saw her falling, that he touched her hand but could not prevent her, so that she fell as she stepped off the bottom step to the ground. From this testimony and that of other witnesses as to the condition of the stairway, the absence of railing and of light and that other people have fallen while stepping down the bottom step under similar conditions, the trial court in the absence of direct evidence was entitled to draw reasonable and logical inferences as to the cause of the fall; *Dumochel* v. *Becce*, 119 Conn. 175, 177, 175 Atl. 569; and was justified in making the inference of fact and in finding the cause, as it did. "In a civil case a plaintiff is not bound to demonstrate his right to recover, or even to prove it beyond a reasonable doubt. It is sufficient if the evidence produces in the mind of the trier a reasonable belief of the probability of the existence of the material facts." *Judd* v. *Coe & Co., Inc.*, 117 Conn. 510, 512, 169 Atl. 270; *Fallo* v. *New York, N. H. & H. R. Co.*, 123 Conn. 81, 84, 192 Atl. 712. With this fact in the finding we could not say that the court was in error in concluding that the defendant

was negligent under all the circumstances. "It is the law of this State, as elsewhere, that, speaking generally, the landlord who rents the apartments in his building to various tenants, reserving control of the common approaches, is obligated to use reasonable care to keep those approaches reasonably safe for the use of the tenants. . . . This obligation of the landlord extends also to all those who have lawful occasion to visit the tenants for social or business purposes." *Reardon* v. *Shimelman*, 102 Conn. 383, 386, 128 Atl. 705; *Vinci* v. *O'Neill*, 103 Conn. 647, 657, 131 Atl. 408; *Gibson* v. *Hoppman*, 108 Conn. 401, 407, 143 Atl. 635; *Hurlburt* v. *Sherman*, 116 Conn. 102, 163 Atl. 603.

In the brief of the defendant much is made of the statement of the trial court in its conclusion, that the combination of darkness, absence of railing and unexpectedly excessive height of the lowest step constituted a trap and that the defendant was negligent in maintaining this. The contention of the appellant is that a trap is a concealed dangerous condition known to the lessor and that the complaint did not allege such a condition and the judgment therefore was erroneous, being based upon facts not alleged. This claim of variance is without merit. *Rose* v. *Van Bosch*, 119 Conn. 514, 518, 177 Atl. 565. It is plain from the finding of the trial court that the word trap was used in a descriptive sense, and that the judgment of the court was based upon the failure of the defendant to exercise ordinary care to cause the approach to her premises to be maintained in a reasonably safe condition. This was the negligence alleged in the complaint.

In the somewhat similar case of *Walowich* v. *Aksomitos*, 120 Conn. 695, 181 Atl. 394, we went no further than to sustain the judgment of the trial court for the defendant, as we would have been compelled

to sustain a like decision in this case, had the trial court made it.

There is no error.

In this opinion the other judges concurred.