## Scott et ux. v. Farmers & Miners Trust Co.

*Jesse P. Long*, for plaintiffs.

*Raymond E. Brown* and *Matthew A. Crawford*, for defendant.

SMITH, P. J., forty-sixth judicial district, specially presiding, June 22, 1940.—The court having given binding instructions for defendant at the trial, plaintiffs have moved for a new trial. The facts, so far as necessary for disposing of the motion, are as follows:

The wife plaintiff, Ruby M. Scott, sustained a fall in the building of defendant, which she contends was due to defendant's negligence. Plaintiff had made a business call at the office of a photographer on the second floor of defendant's office building in Punxsutawney. Access to this second floor was by way of a downstairs entrance hall and stairway from the first to the second floor, which entrance hall and stairway were controlled and maintained entirely by defendant. The accident occurred about three o'clock in the afternoon of a business day during the month of February 1936.

The negligence complained of is alleged to consist of two specifications: First, that the stairway was of uneven construction so as to throw plaintiff off balance in descending it; and, second, that the handrail along the side did not cover the entire stairway but stopped short of covering the first step. Unless these conditions of themselves constitute negligence, there was no evidence of negligence to go to the jury. In our view, they did not constitute such negligence and this was one of the reasons for our granting the motion for binding instructions.

On the first charge of negligence, the lack of uniformity of the steps, plaintiff, both at the trial and in the present argument, has relied much upon the case of Esserman v. Madden, 123 Conn. 386. In that case the court, which tried the case without a jury, concluded that the difference in height between the lowest step and the others of the stairway, combined with the lack of light and of a handrail, constituted a dangerous condition amounting to negligence, but it will be noted that the riser of the bottom step was 12½ inches high, while those of the other steps were 7½ inches, a difference as great as five inches. We can easily see how such a difference in the steps of a poorly lighted stairway might of itself constitute a negligent condition, but that is far from the condition which we have presented in the instant case.

The proof before us is that on the left side of the stairway (as plaintiff descended) the first riser had a height of 7⅛ inches, the second of 8¼ inches, the third 7⅜ inches, the fourth 7⅜ inches. The treads of these various steps were 13 3/16 inches, 13⅛ inches, 13 1/16 inches, and 13 1/16 inches. At the other side of the stairway the variations in the risers were shown by the same witness to be less. There was also some evidence of unevenness of the steps, of their being worn, particularly in the middle, and of their being somewhat off level. While the testimony of the different witnesses varied somewhat, that stated is the strongest and most definite statement of the matter on behalf of plaintiff. From this it appears that

the steps were structurally not uniform, and that the greatest difference in the risers was that of 1⅛ inches between the first and second steps.

Plaintiff contends that a properly-constructed stairway would have been uniform in its risers and otherwise, so that a person using the steps could walk with a rhythmical movement, and that the lack of such uniformity, particularly in the risers, was of itself negligence because likely to throw a person off balance and thus cause a fall. We do not think, however, that such a small variance from uniformity can amount to negligence, or that the jury should be permitted to arrive at such a conclusion therefrom. To accept plaintiff's contention would place the duty of constructing and maintaining stairways uniformly. We do not understand the duty of persons maintaining buildings open to business invitees of their tenants to be more than that of exercising reasonable care in keeping the premises reasonably safe. As a matter of common knowledge, there are many real estate premises constantly in use where the best methods of construction have not been applied, and where there are stairways which are not of uniform construction, and it seems to us to be seeking to impose a strange and new liability upon owners and occupiers of real estate to say that such construction is negligent per se, and to be far beyond the rule of liability above stated. In the absence of glaring defects which would constitute traps, it would seem that persons using such stairways must expect to use them as they are, and have no right to expect that they must be of the best method of construction. The case of Chapman et ux. v. Clothier et al., 274 Pa. 394, while not on all fours with the instant case, is similar enough to throw considerable light upon the duty of the landlord under the decisions of the appellate courts of this State.

Much the same difficulty exists with reference to plaintiff's second point, that the handrail did not cover the entire length of the bottom step. The testimony shows

that it extended past the second step and part way over the bottom step, something over four inches, but left the outward 8⅜ inches of the tread of the first step beyond its end. This again is a very small difference as such matters go, and it would seem to be asserting an extreme liability against landlords to say that merely because the handrail did not extend as far as the nose of the tread of the bottom step it was therefore negligent. Assuming that proper construction would have required its extension that far, which to us seems an extremely doubtful proposition, it again must be remembered that the duty of the landlord is not to provide the best construction but premises reasonably safe. It would seem that the handrail shown by the proof in this case went far enough to serve the purpose of safety for which it existed, and we see nothing from which a jury could properly have inferred that its failure to cover completely the bottom step was negligent.

We note the statement in the opinion filed recently in the case of Mammana v. Easton National Bank, 338 Pa. 225, 227:

"On such a stairway as this, with walls on each side, the absence of a handrail could not constitute negligence. There are thousands of such stairways throughout the Commonwealth."

The court in that case further pointed out that:

"The only part that it [the handrail] would have played . . . is that, if it had been there, he might have broken his fall by grabbing hold of it."

Aside from the question of negligence, plaintiff in this case failed to show by evidence that such alleged negligence was the proximate cause of the accident. The only evidence as to how the accident occurred was that of plaintiff Ruby M. Scott. She describes it as follows:

"When I reached the second stair from the bottom and was stepping down with my left foot, but before it had reached the first stair my right foot slipped off of the stair

and caught by the heel and I was plunged forcibly to the landing at the bottom of the stairs. . . . I had come to the end of the handrail, it stops at the second step, and my hand left the handrail just as I was stepping down so of course I had nothing to save myself whatever, I just simply went down like that. . . . The stairway is very narrow and one has to really from necessity walk in the middle of the stairs which are very worn, and I had my pocketbook tucked under my right arm and my left hand on the handrail, and as I say I was walking near the center of the stairs."

The above-quoted testimony, which is substantially all that has bearing upon the point, describes an accident which occurred from a slipping of the right foot and not a throwing off balance by the difference in the risers. When plaintiff contends that the jury might infer that the accident was due to the lack of uniformity of the risers she is asking that the jury be permitted to draw an inference directly contrary to her own description of the accident and the only testimony thereon in the case. To have allowed the case to go to the jury would have been to permit a mere speculation.

The other cases cited in plaintiffs' brief deal merely with the general rules of liability and require no discussion. In our opinion, our action in giving binding instructions was justified upon both the grounds stated at the trial, namely that there was no evidence from which negligence could be found, and that the fall was not shown to have resulted from a defect in the stairway. The motion for new trial must therefore be refused.

### Order

And now, June 22, 1940, in accordance with opinion herewith, plaintiffs' motion for new trial is refused and the rule issued thereon discharged, and upon payment of the jury fee judgment is directed to be entered upon the verdict.