KATHLEEN A. KLIGERMAN, ADMINISTRATRIX (ESTATE OF ELIZABETH O'NEIL LENNON) *v.* HARRY ROSENSTEIN ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 7, 1941—decided January 9, 1942.

*T. Holmes Bracken,* with whom, on the brief, was *Maxwell H. Goldstein,* for the appellant (plaintiff).

*Edward H. Kenyon,* with whom was *Morris Tyler,* for the appellees (defendants).

MALTBIE, C. J.  An automobile owned by one defendant and operated by the other killed the deceased,. a woman, who was crossing a city street in the daytime.  The driver did not see her until after she was struck, and there were no eyewitnesses of the accident. The court concluded that the plaintiff had failed to prove by a fair preponderance of the evidence that the defendants were guilty of any negligence alleged in the complaint which was a proximate cause of the injuries and death, and entered judgment for them.  The principal question upon this appeal is whether upon the subordinate facts found the defendant driver was guilty of negligence as a matter of law in failing to keep a proper lookout, and in striking the deceased.

The finding, in which we can make no material corrections, states the following facts:  The defendant driver was operating his wife's car, as her agent, in a westerly direction on Lamberton Street in New Haven, approaching its intersection with Kimberly Avenue, at about 4 o'clock in the afternoon of December 23, 1940.  It is a busy intersection, in a business district.  Kimberly Avenue runs in a general northerly and southerly direction and is fifty feet wide between curbs.  On it are two sets of car tracks, and its center is approximately half way between the inner rails of the two tracks.  On the south side of Lamberton Street is a sidewalk which, east of Kimberly Avenue, is fourteen feet wide and west of Kimberly Avenue is twelve and one-half feet wide, but there are no visible lines of a crosswalk on Kimberly Avenue. The weather was bright and clear and the roads were dry and free from snow or ice.  There was an overhead traffic light in the middle of the intersection.  As

the defendant driver reached the intersection the light was red as to him and he stopped on Lamberton Street. When it changed to green he started his car, turned left into Kimberly Avenue, keeping to the right of the intersection of the center lines of the streets, and proceeded south on Kimberly Avenue at a speed of about ten to fifteen miles an hour and in the first gear. He did not see the deceased until he felt a bump. He then looked back, saw her lying in the middle of Kimberly Avenue twenty-one feet south of the southerly curb line of Lamberton Street projected across the avenue, and stopped his car. He had given no signal by horn or otherwise before the accident. Both the front and rear left fenders struck the deceased. No one knows whether at the time she was struck she was walking east or whether, having crossed to the east side of Kimberly Avenue, she was returning to the west side, or whether, having reached the center of Kimberly Avenue, she stopped or moved back and forth. The trial court based its decision solely upon the conclusion that the foregoing facts were insufficient to prove that the defendant driver was guilty of any negligent conduct within the allegations of the complaint which was a proximate cause of the injuries to and death of the deceased.

We cannot hold that the trial court was in error in this conclusion. To take an illustration which is suggested in the evidence printed in connection with the assignments of error in the finding: It might have been that another automobile proceeding northerly on Kimberly Aveue was coming to a stop at the south line of the sidewalk on the south side of Lamberton Street projected across the avenue and on the track of northbound cars, and that as it approached, the deceased, finding herself, as she thought, in or close to the course it would take, suddenly stopped or

jumped away from it and so brought about the collision with the fenders of the defendant driver's car. Again, a car proceeding northerly on Kimberly Avenue and stopping under such circumstances might well have interfered with the opportunity of the defendant driver to see the deceased until he had crossed in front of it. These are but illustrations of situations which might have resulted in the death of the deceased under circumstances such that liability would not be imposed upon the defendants.

The facts proven were insufficient to establish that the deceased came into a position of peril from the defendants' car under such circumstances that we can hold that as matter of law the defendant driver should have seen her or, seeing her, should, in the exercise of reasonable care, have avoided striking her. *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 398, 71 Atl. 553; *Simauskas* v. *Connecticut Co.*, 102 Conn. 61, 65, 127 Atl. 918; *Farquhar* v. *Larson*, 121 Conn. 709, 710, 186 Atl. 498. The cases just cited involved situations where the evidence was held insufficient to sustain a conclusion that the defendant was negligent. Previous to the enactment of the statute placing the burden of proof of contributory negligence upon the defendant, we were confronted with a similar situation with reference to that issue and we held that where there was no direct evidence as to the immediate circumstances of the accident and no basis for reasonable inferences which would justify a conclusion that the plaintiff was not negligent, he could not prevail; that the issue must be removed from the field of speculation and the evidence support a conclusion that it was at least reasonably probable that the plaintiff was not guilty of contributory negligence. *Mullen* v. *Mohican Co.*, 97 Conn. 97, 100, 115 Atl. 685; *Kotler* v. *Lalley*, 112 Conn. 86, 90, 151 Atl. 433; *Oddwycz* v. *Connecticut*

*Co.,* 113 Conn. 648, 155 Atl. 824; *Tynan* v. *Lassen,* 113 Conn. 789, 790, 156 Atl. 861; *Dumochel* v. *Becce,* 119 Conn. 175, 177, 175 Atl. 569. In this case we cannot hold that there were any inferences which the trial court was bound to draw which would establish the negligence of the defendants and hence cannot disturb its conclusion that the plaintiff failed to prove that negligence.

There is no error.

In this opinion AVERY, BROWN and JENNINGS, Js., concurred.

ELLS, J. (dissenting). The majority opinion does not state a factor which is of some significance. The trial court sustained a claim of law made by the plaintiff that her decedent was free from any negligence directly contributing to her injury. It is true that our inquiry has to do only with the question whether the defendant failed to keep a proper lookout. We do not know what she was doing when struck, but I think we are bound to conclude that her conduct, whatever it may have been, was not negligent. Without any factual basis in the finding, the opinion proceeds to suggest that some other car may have forced her to jump away from it and into the defendant's car, and that this, although not negligence on her part, might warrant a finding that the defendant driver was not negligent. This seems to me to be an unwarranted disregard of the finding.

Why did not the driver see her in time to avoid striking her? This is the only question involved. It was a bright clear day. The intersection was a busy one. He stopped at the red light on Lamberton Street, and when it changed, proceeded in low gear, turned to his left at the center, and drove slowly down Kim-

berly Avenue, an unusually wide street. There was the woman, in the center of Kimberly Avenue, and whatever she was doing, she was in the exercise of due care. She was close to a busy crosswalk. When the light facing Lamberton Street changed to "go" for the driver, it changed to "go" for a pedestrian at that crosswalk. Such a driver is charged with knowing that pedestrians might be crossing, and his duty to use due care to look for them meant a considerable degree of care. Yet he did not see her at all until he looked back after the impact and saw her lying in the road. There was nothing whatever to obstruct his view. I am unwilling to say that he was using ordinary care.

Ordinarily a conclusion of negligence or of freedom from it is a conclusion of fact. It is only when, as sometimes happens, the conduct under investigation is so manifestly contrary to that of a reasonably prudent man, or is so plainly and palpably like that of such a man, that it may be considered a matter of law. *Farrell* v. *Waterbury Horse R. R. Co.*, 60 Conn. 239, 250, 21 Atl. 675, 22 Atl. 544. When the facts have been found by the court, nothing remains but for the court in the exercise of its legal judgment to draw its inferences from the facts, and in such a case the conclusion of the court can always be reviewed by the appellate court. See the careful consideration of this doctrine in *Davis* v. *Margolis,* 107 Conn. 417, 420, 140 Atl. 823. In the instant case the court found the facts, and concluded they did not show that the defendant driver was negligent as to lookout. I think those facts plainly and palpably do prove he was negligent.

It is true that a review of the cases shows that we have generally supported the trial court. One obvious reason is that it heard the testimony of those who saw the accident, and judged their credibility. This is a

good reason, but here there were no eyewitnesses, and there was no question of credibility; the court merely decided that the facts which it found did not prove that the defendant driver was negligent. Under these circumstances I have less hesitancy in disagreeing with the trial court's conclusion.