ANNIE WHITE, ADMINISTRATRIX (ESTATE OF PEARLEY
H. WHITE) *v.* CLIFFORD G. HERBST.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued February 4—decided March 6, 1942.

*Walter E. Monagan,* with whom, on the brief, was
*John S. Monagan,* for the appellant (defendant).

*Sidney S. Cassel,* for the appellee (plaintiff).

MALTBIE, C. J.  The plaintiff brought this action to
recover for the death of the decedent, alleged to have
been caused by the defective condition of a stairway
in a tenement house belonging to the defendant.  A
second count in the complaint was eliminated by de-
murrer and the action was tried upon the ground of
the defendant's claimed negligence.  The jury ren-

dered a verdict in favor of the plaintiff and the defendant has appealed from the trial court's refusal to set it aside. The jury could have reasonably found the following facts: The decedent had been visiting a relative on the second floor of the house, and left about 9 o'clock in the evening. After that, no one saw him alive. About an hour later his body was found at the foot of the stairway, within the outer door, with his head on the threshold of that door and his feet on the third or fourth stair from the bottom of the stairway. His neck was broken and he had suffered other injuries. The stairway was unlighted, there was no handrail and the steps were in a very defective condition. There were fifteen risers. The first three from the bottom were nine and one-half inches high and the others were eight and one-quarter inches. The tread on each of the first three was nine and one-quarter inches wide and on the others ten and one-quarter inches. The treads were badly worn, and the nosings on the second, fourth, ninth and eleventh steps from the bottom were broken. The condition of the stairs had been the same for at least some months before the accident. There was evidence that other persons had fallen on the stairs, one witness stating that, when she was descending the stairs and had reached about the middle, she stumbled and fell down them. There was also opinion evidence by two builders that the stairs were unsafe because of the absence of a handrail and because where the treads were broken at the edges a proper width was not left, so that, as one of them stated, anyone could trip and fall on them.

There was no direct evidence as to the cause of the decedent's fall. The sole claim of the defendant is that in the absence of other evidence than that stated, the jury could not find that the fall of the deceased

was caused by the defective condition of the stairway. A jury cannot base their conclusions upon guess or speculation, but they are entitled to draw reasonable inferences and their verdict must stand if the evidence is such as to justify in their minds "a reasonable belief of the probability of the existence of the material facts." *Esserman* v. *Madden,* 123 Conn. 386, 388, 195 Atl. 739. In that case, the plaintiff brought an action for injuries suffered when she fell in descending steps outside the door of an apartment house; she was too ill to appear to testify and there was no direct evidence as to the cause of her fall. We held that the finding of the trial court that her fall was due to the defective condition of the stairway must stand, saying (p. 388) that from the testimony of her grandson, who was with her, that he saw her falling as she descended the stairs, "and that of other witnesses as to the condition of the stairway, the absence of railing and of light and that other people have fallen while stepping down the bottom step under similar conditions, the trial court in the absence of direct evidence was entitled to draw reasonable and logical inferences as to the cause of the fall; *Dumochel* v. *Becce,* 119 Conn. 175, 177, 175 Atl. 569; and was justified in making the inference of fact and in finding the cause, as it did." So in this case we cannot hold that the jury could not, drawing proper inferences from the facts in evidence, reasonably believe that it was more probable than not that the decedent's fall was due to the defective condition of the stairway.

There is no error.

In this opinion the other judges concurred.