John C. Dickson *v.* Yale University

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued April 6—decided May 6, 1954

*Curtiss K. Thompson,* with whom, on the brief, were *William J. Ryan, Jr.,* and *John H. Weir,* for the appellant-appellee (plaintiff).

*Richard H. Bowerman,* with whom was *Morris Tyler,* for the appellant-appellee (defendant).

WYNNE, J. This is a suit for personal injuries in which the jury returned a verdict for the plaintiff.

On motion the trial court set the verdict aside. The appeal is from this action of the court. The defendant filed a bill of exceptions to certain acts and rulings. A cross appeal was filed attacking the decision of the court denying the defendant's motion for a directed verdict in its favor and denying its motion for judgment notwithstanding the verdict. The plaintiff's assignment of error is directed solely to the setting aside of the verdict. The defendant's bill of exceptions is predicated on the claim that the court erred in two respects, (1) in permitting the jury to view the premises over the objection of defendant that they were no longer in the condition they were in at the time of the alleged occurrence, and (2) in the court's failure to charge as requested.

There was evidence from which the jury could reasonably have found the following facts: The plaintiff was in attendance at the fifteenth reunion of his class at Yale on June 18, 1949. He was assigned a room on the fourth floor of a dormitory in Pierson College. On the south side of the room was a doorway leading to an area which for the purpose of this appeal is treated as a balcony. Along the outer edges of this balcony there was a parapet eighteen inches high, but no railing or other protection. The parapet was twenty-eight feet above the level of the ground below. About 1:30 a.m. on Sunday, after the class dinner the night before and a typical reunion with a group of classmates, the plaintiff and a companion made their way to their room. Before getting into bed, the plaintiff hung his clothes neatly and brushed his teeth. His mind was clear, there was no thickness in his speech and no hesitation in his movements. He walked well and was in good control of himself. The door to the balcony was left open, the night being warm. About 2 or 2:30 o'clock, an occu-

pant of a room on the ground floor underneath the one occupied by the plaintiff saw the body of the plaintiff fall past his window and heard it land outside. The plaintiff was found lying on the ground directly below the balcony. No sound or scream was heard by anyone before the fall. The plaintiff was grievously injured.

It is conceded that the plaintiff was a business invitee on the premises, that the construction of the premises was in violation of the building code of the city of New Haven in that the door opening onto the balcony was not self-closing and in that there was no railing around the balcony, and that such construction constituted negligence on the part of the defendant. On this aspect of the case the sole question is whether the plaintiff sustained his burden of proving that defendant's negligence was a substantial factor in causing his injuries. It is not claimed that contributory negligence was proved. The gist of the defendant's contention is that, inasmuch as there was no evidence as to the movements of the plaintiff between the time he retired for the night and the time his body was seen falling (the plaintiff himself suffered a complete loss of memory as to this period), it was pure surmise on the part of the jury to conclude that there was any causal relationship between the negligence of the defendant and the fall. The defendant claimed further that proof of its negligence and the presumption of the plaintiff's freedom from contributory negligence (General Statutes § 7836) have no probative effect in establishing proximate cause.

The law of this state is that in a civil case proof of a material fact by inference from circumstantial evidence need not be so conclusive as to exclude every other hypothesis. It is sufficient if the evidence pro-

duces in the mind of the trier a reasonable belief in the probability of the existence of the material fact. *LeBlanc* v. *Grillo,* 129 Conn. 378, 381, 28 A.2d 127. In *White* v. *Herbst,* 128 Conn. 659, 25 A.2d 68, the plaintiff's decedent had left a relative's home on the second floor of a tenement owned by the defendant at about 9 p.m. Approximately an hour later, his body was found at the foot of the stairway. There was evidence that the stairway was defective in various respects. There was no evidence as to the cause of the fall. In sustaining a plaintiff's verdict, this court said (p. 661): "[W]e cannot hold that the jury could not, drawing proper inferences from the facts in evidence, reasonably believe that it was more probable than not that the decedent's fall was due to the defective condition of the stairway." See also *Esserman* v. *Madden,* 123 Conn. 386, 195 A. 739; *Ruerat* v. *Stevens,* 113 Conn. 333, 155 A. 219; *Genishevsky* v. *Fishbone,* 109 Conn. 58, 145 A. 54.

It is not straining at reasonable probability to hold that the flagrantly dangerous condition of the defendant's premises directly caused the plaintiff's accident. From the fact that the plaintiff was known to have been in his room and that he was found on the ground below the balcony, it was almost a necessary inference that he had walked from his room and had fallen or jumped over the parapet at the edge of the balcony. That he had fallen was more probable than that he had jumped. That being the case, it was probable that if there had been a railing on the parapet the fall would have been prevented. Such a series of reasonable probabilities concerning the consequences of the defendant's negligence furnishes ample basis for a finding of proximate cause without resort to a presumption as to due care on the part of the plaintiff. Accordingly, the jury were entitled to

conclude that the lack of a railing was a substantial factor in producing the plaintiff's injuries.

It was for the jury to pass upon the evidence. It was for them to consider the possible hypotheses as to how the accident occurred. They might conceivably think of the possibility of somnambulism or groping for the toilet. Neither of these possibilities would alter the conclusion that it was the dangerous condition of the balcony that caused the plaintiff's fall. The suggestions in the court's memorandum on the motion to set aside the verdict can only be reconciled on the hypothesis that the plaintiff was intoxicated. The jury evidently were satisfied that he was not.

The case of *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 71 A. 553, is clearly distinguishable. There was no evidence in that case from which the jury could even infer where the child who was hit by the trolley had been or from where she had come just before she was struck. In the case at bar, as has been pointed out, there was basis for the inference that the plaintiff had walked from his room onto the balcony.

In its bill of exceptions, the defendant assigns as error the ruling of the court permitting the jury to view the premises. It is the defendant's claim that this was prejudicial because there were marks present and discernible indicating that guard railings had been removed prior to the inspection and the jury might have been led to speculate that such railings had been installed after plaintiff's accident. The sufficient answer to this is that it appears that the court offered to instruct the jury regarding the point now raised and counsel preferred to let the matter rest without comment. We cannot say that the court abused its discretion in permitting the

inspection of the premises. *Greenberg* v. *Waterbury,* 117 Conn. 67, 73, 167 A. 83. The power of the court, in the exercise of a sound discretion, to order a view of the premises by the jury is generally recognized. The test is whether a view is necessary or important in order to obtain a clearer understanding of the issues and to apply the evidence properly. 2 Wigmore, Evidence (3d Ed.) § 1162 et seq. It was not error in this case. The inspection could have done no more than sharpen the jury's understanding of the inherent danger of the premises in relation to the use made of them.

The defendant's second claim under its bill of exceptions is that the court was in error in refusing to charge as requested. The request was for an instruction that the jury were not to indulge in surmise or conjecture and, in effect, amounted to a direction to find for the defendant because of the lack of evidence respecting proximate cause. What we said concerning this subject, in discussing the court's action in setting aside the verdict, is a sufficient answer to this claim, in view of the court's express charge that the jury were not to engage in conjecture in determining the matter of proximate cause.

The verdict should not have been set aside. It is unnecessary to discuss the point raised in the cross appeal.

There is error, and the case is remanded with direction to render judgment on the verdict.

In this opinion the other judges concurred.