[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The defendant moves that "Count Two, . . . the Plaintiff's claim for negligence per se . . . be stricken because BOCA National Building Code and/or the Connecticut State Building Code were not designed to protect individuals from the type of injury set forth in the plaintiff's complaint." In its brief the defendant argues that "the crux of the Plaintiff's complaint is that the Plaintiff fell on the Defendant's premises due to ice and snow, which is not the type of injury that either [the Building Officials Code Administrators National Building Code or the Connecticut State Building Code] was designed to prevent. The general purpose of the building code is to establish guidelines for the construction and renovation of buildings, but the Plaintiff's allegations pertain to defects, which if proven, could only result from maintenance conditions that occurredsubsequent to construction. Additionally, other than a blanket allegation, the Plaintiff has failed to allege any facts to support his contention that he is within the class of persons protected by the BOCA National Building Code and/or the Connecticut State Building Code, or that the sections cited in his Complaint are even applicable to the Defendant's premises." (Emphasis in original.)
It is unnecessary to quote at length the usual platitudes CT Page 7199 governing a motion to strike, except to note that (1) the purpose of such a motion is to test the legal sufficiency of a pleading, (2) when attacked by a motion to strike, the pleading attacked is construed in a manner most favorable to the pleader, and (3) if any facts provable under the complaint would support a cause of action, the motion must fail. Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545 (1980).
A violation of a statute or regulation constitutes negligence per se where (1) the plaintiff is "within the class of persons protected by the statute," and (2) "the injury suffered is of the type that the statute was intended to prevent." Gore v. People'sSavings Bank, 235 Conn. 360, 368-69, 665 A.2d 1341 (1995). "The violation of an ordinance enacted for the protection of the public is negligence as a matter of law." Panaroni v. Johnson,158 Conn. 92, 101, 256 A.2d 246 (1969); see also Grimes v.Housing Authority, 242 Conn. 236, 247-48 n. 10, 698 A.2d 302
(1997).
The parties have not provided sufficient research, analysis and scholarship to enable this court to properly address the defendant's claim, preliminarily, the complaint does not allege that "the Plaintiff fell on the Defendant's premises due to ice and snow," as the defendant argues. Rather, the complaint indicates that the plaintiff fell because the stairway "was covered by a layer of non abrasive, floor sweep, which served as little ball bearings to slide persons/objects that were thereon . . . that covered a layer of ice thereupon that could not be seen."
Moreover, the defendant has not addressed or analyzed theparticular provisions of BOCA on which the plaintiff relies. For example, BOCA §§ 805.2 and 817.12 at least superficially
appear to be applicable to the alleged facts and to impose a continuing duty of maintenance. Nor has the defendant addressed and analyzed other sections of BOCA, such as sections 100.2, 100.4, 104.2 and 104.3, in view of the regulations as a whole and the available legislative history, if any, of BOCA; see Doucettev. Pomes, 247 Conn. 442, 461 (1999); that might shed light on the issue the defendant poses. Finally, although Connecticut courts have considered building code violations in finding tort liability; Dickson v. Yale University, 141 Conn. 250, 253,105 A.2d 463 (1954); New London Federal Savings Bank v. Tucciarone,48 Conn. App. 89, 99, 709 A.2d 14 (1998); ("Building and fire codes are themselves not evidence of negligence, but only CT Page 7200 evidence of the standard of care."); there is no Connecticut case law addressing the particular issue and the particular BOCA sections cited here. The parties have not sought to cite or analyze possibly relevant cases from other jurisdictions.[1]
For these reasons, the motion to strike the second count is denied. In denying the motion to strike the second count, the court decides only that the allegations of that count state a claim upon which relief may be granted, based on the record presented. Specifically I do not determine whether the plaintiff would be entitled to a jury charge on the doctrine of negligence per se, the title which the plaintiff has provided this count. See New London Federal Savings Bank V. Tucciarone, supra,48 Conn. App. 99. "The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). Although a court may be justified in relying on a party's characterization of his pleading in ruling on a motion to strike; Lemoine v.McCann, 40 Conn. App. 460, 464, 673 A.2d 115 (1996); the purpose of the motion is not to contest the propriety of the label a plaintiff has placed on a count.
 II
The defendant moves to strike the plaintiffs' third count, which claims recklessness, on the, ground that the plaintiffs "[fail] to set forth sufficient facts to sustain a claim for recklessness." The defendant also moves to strike the plaintiffs' claims for attorneys fees and punitive damages, which are based on that count.[2] The defendant argues that the plaintiffs' incorporation of the allegations of count two into count three, without the allegation of additional facts, is inadequate to sustain a cause of action in common law recklessness.
"To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. . . . Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the rights or safety of others or of the consequences of the action. . . ." Seymour v. Carcia,24 Conn. App. 446, 451, 589 A.2d 7 (1991), affirmed, CT Page 7201221 Conn. 473, 604 A.2d 1304 (1992)
Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Mooney V. Wabrek, 129 Conn. 302, 308,27 A.2d 631 (1942). Such conduct "displays a reckless disregard for the safety and rights of others and the consequences of one's actions." Doe v. Marselle, 38 Conn. App. 360, 367, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996).
The plaintiffs allege that the stairway "was covered by a layer of non-abrasive floor sweep, which served as little ball bearings to slide persons/objects that were thereon . . . that covered a layer of ice thereupon that could not be seen." The plaintiffs further allege that the "defendant's act of placing said layer of non-abrasive floor sweep instead of easily obtained sand and/or salt . . . was the result of a business decision (e.g., it cost less money and/or time to do it this way) when [the] defendant knew or should have known said act would result in said injuries to plaintiff, who was the mechanic from the company specifically invited to [the] defendant's premises to maintain its equipment."
The economy of this country is "a predominantly free enterprise economy. . . ." Grievance Committee v. Trantolo,192 Conn. 15, 23, 470 A.2d 228 (1984); Zaist v. Olson, 154 Conn. 563,582, 227 A.2d 552 (1967); see also Finley v. Aetna Life Casualty Co., 5 Conn. App. 394, 412, 499 A.2d 64 (1985), reversed on other grounds, 202 Conn. 190, 520 A.2d 208 (1987) "The profit motive [is] inherent in the principle of free enterprise. . . ."Norwalk Teachers' Assn. v. Board of Education, 138 Conn. 269,273, 83 A.2d 482 (1951). Therefore, that the defendant's choice of floor covering was "the result of a business decision (e.g., it cost less money and/or time to do it this way)" adds nothing at all to the allegations of the complaint. The other operative allegation of this count, that the "defendant knew or should have known said act would result in said injuries to plaintiff," connote a claim of negligence, not recklessness. Ruocco v. UnitedAdvertising Corp., 98 Conn. 241, 244, 119 A. 48 (1922); O'Keefe v.CT Page 7202National Folding Box and Paper Co., 66 Conn. 38, 45, 33 A. 587
(1895); Foxworth v. Juliano, Superior Court, judicial district of Hartford-New Britain at Hartford, No. 524237 (Nov. 4, 1993).
For this reason, the motion to strike the third count, and the accompanying claims for punitive damages and attorneys fees, is granted. The motion to strike count two is denied.
BY THE COURT
Bruce L. Levine, Judge off the Superior Court