Hillsborough, }
March 2, 1937. }

ERNEST E. HEIDENREICH *v.* ALPHONSE DUMAS.

*Sullivan & Sullivan (Mr. Thomas E. Dolan* orally), for the plaintiff.

*Laflamme & Nourie (Mr. Nourie* orally), for the defendant.

PAGE, J.   The plaintiff was injured while he was in the defendant's restaurant as a customer.   The room where food and drink were dispensed was in the front of the premises.   In the rear was a partition through which a swinging door gave access to the kitchen.   From the kitchen the only other door opened upon a flight of stairs descending to the cellar, where was located the single toilet upon the premises.

On two occasions prior to the day of the accident, the plaintiff had been in the restaurant, but he had never before gone into the kitchen or visited the cellar or toilet.   On these prior visits the plaintiff had seen customers go into the kitchen, and had assumed that they were going to the toilet, but he knew nothing about its location.   Desiring to go to the toilet, the plaintiff went into the kitchen.   He saw at least one person working there, but he made no inquiries for direc-

tions, and went to the door, which was unmarked but which he assumed led to the toilet. Upon opening the door, he found darkness on the other side. There was an electric light there and a switch, which had been thrown off, but of these facts the plaintiff had no knowledge. The plaintiff, still without making inquiries as to a light or anything else and, as far as appears, without the knowledge of any occupant of the kitchen, stepped over the threshhold and fell down the stairs into the cellar.

The plaintiff, in his direct testimony, described the happening thus: "I see a door, and I opened the door and it was pitch dark. I opened the door and it was dark and I tried to make a step, and before I know it I fall on my knee, and my balance was over and I fall on my knee and my hand and I tumbled over twice and landed down in the cellar. ... When I opened the door it was pitch dark, and I thought it goes in a room, and I take a step and try to walk in, and I lose my balance and fall on my knee, and before I know it I land down in the cellar."

On cross-examination, the plaintiff admitted that, before entering the door, he did not ask the woman he had seen in the kitchen whether there was a light, and that he made no other attempt to find out whether there was a light, also that he did not know after he opened the door, whether it led to a toilet or a stairway. He further admitted that, although he had no idea what was inside, he stepped into the dark; that he knew that was a dangerous thing to do; that he took a chance.

The redirect examination of the plaintiff included the following: "Q. When you opened that door and stepped in there did you walk right in or did you feel your way? A. I just tried to make a step and then I lost my balance and tumbled down. Q. Did you walk through this doorway just the same as you would had there been a light there? A. No, I was very careful. I tried to find out."

The testimony of the plaintiff that he "was very careful" and "tried to find out" cannot, in the context, be taken as factual. It was no more than an allegation, a claim or an opinion. The rest of the testimony of the plaintiff (by which he is bound, *Harlow* v. *Leclair*, 82 N. H. 506) shows that he did not try to find out, but merely stepped in. He did not ask for directions or about the light, although he had opportunity to do so. When his own counsel gave him a chance to say that he felt his way, he made no claim that he did so, but said, "I just tried to make a step."

Upon his own story, the plaintiff, in spite of his assertion that he

was careful, cannot be found to have exercised any care at all. On the contrary the testimony is conclusive that he was negligent and that his negligence contributed to his injuries.

The motion for a nonsuit should have been granted. Other questions briefed and argued need not be discussed.

*Judgment for the defendant.*

All concurred.