Hillsborough, } No. 3277.
Jan. 6, 1942. }

ANNIE L. SANDWELL *v.* ELLIOTT HOSPITAL.

*Sheehan & Phinney (Mr. Arthur A. Greene, Jr.*, orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

PAGE, J.   The defendant does not deny that a charitable institution may in some instances become liable to pay damages for its negligence.   Its liability in this case depends, however, upon whether there was a breach of any duty of care that it owed the plaintiff.   The existence of such a duty, and its extent, depend upon the nature of the relationship between the parties.   *Tullgren* v. *Company*, 82 N. H. 268, 270; *Frear* v. *Company*, 83 N. H. 64, 67.

The relationship, in this instance, arose from certain facts that are beyond dispute.   The plaintiff's husband was a patient in the hospital, and he was near death.   The plaintiff came upon the defendant's premises in order to visit him.   The only access to the hospital from the street was by a driveway that was a glare of ice, from which the last sanding had been washed by rain several hours earlier, as was well known to the defendant's superintendent.   There was no separate foot-walk.

The plaintiff entered in the evening from a street that was well sanded.   Before entering, she observed that the driveway was "a perfect sheet of ice," and unsanded.   She proceeded carefully, but

fell and was injured when she attempted to step aside to avoid being hit by an outgoing automobile.

The relationship of a patient's visitor to a hospital has usually been described as that of an "invitee" or a "business visitor," without reference to whether the entrant is a pure caller, or comes to help the patient to enter or leave the hospital. *Alabama &c. Hospital Board* v. *Carter*, 226 Ala. 109; *Cohen* v. *Hospital Society*, 113 Conn. 188; *Greenfield* v. *Hospital Association*, 16 N. Y. S. (2d), 729; *Hospital of St. Vincent &c.* v. *Thompson*, 116 Va. 101. The defendant accordingly inclined to that view, and presented the case as if the plaintiff were a "business visitor."

We are unable to follow that theory fully. The "business visitor" or "invitee" relationship depends upon the mutual benefit of the visit to the entrant and the possessor of the premises. *Hobbs* v. *Company*, 74 N. H. 116, 119; *Castonguay* v. *Company*, 83 N. H. 1, 3. If there would have been any benefit or advantage to the defendant in the plaintiff's intended visit to her husband, if it would have had even the slightest tendency to forward the business or promote the interests of the defendant, the benefit or the tendency would have been purely incidental. Those who enter a hospital merely to make a call upon a patient are of course suffered by the hospital to be there, but they come to see the patient, not the hospital. The primary mutuality of interest is that of the caller and the patient.

A purely incidental benefit to the owner or possessor of land, from the social visit of a stranger on a "business visitor" of the former, may usually make the relationship between the caller and the possessor a border-line one as between "licensee" and "invitee." If in some cases the visitor may be regarded as an "invitee," any doubt in this instance ought to be resolved in favor of the defendant. Such questions turn generally upon principles of "fundamental justice and reasonableness." *Cavanaugh* v. *Railroad*, 76 N. H. 68, 72. Compare *McCaffrey* v. *Company*, 80 N. H. 45, 52; *Dillon* v. *Company*, 85 N. H. 449, 452, 453.

At this point we are met by the fact that the defendant's "business" is that of a public charity. As such it is entitled to some consideration concerning its duty of care even to its patients, beyond what an ordinary business corporation can claim. *Welch* v. *Hospital*, 90 N. H. 337, 347. Under the circumstances of this case, where the mutuality of interest of the parties is faint, even if it exists at all, we conclude that the plaintiff is not to be treated as a "business visitor" of the charitable defendant.

She stands no better than a "gratuitous licensee," to whom no duty is owed, as to the condition of the premises, except to warn of dangers actually known by the defendant and not open to ordinary observation by the plaintiff. *Hashim* v. *Chimiklis*, 91 N. H. 456; *Locke* v. *Payne*, 81 N. H. 266. Since the icy condition and its attendant dangers were fully observable and fully appreciated by the plaintiff, no duty was imposed on the defendant.

*Judgment for the defendant.*

ALLEN, C. J., was absent: BRANCH, J., did not sit: the others concurred.