Hillsborough, } No. 3783.
Mar. 1, 1949. }

ALMEDA COOK *v.* 177 GRANITE STREET, INC.

*Maurice A. Broderick* and *James Simon* (*Mr. Simon* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Starr, Jr.* orally), for the defendant.

KENISON, J. If the plaintiff was an invitee, the defendant was under a duty to use due care to have the place safe. *Frear* v. *Company*, 83 N. H. 64, 68. If the plaintiff was a gratuitous licensee, the defendant "owed [her] only a limited duty of care." *Mitchell* v. *Legarsky, ante*, 214, 216. "Use of the premises for one's own personal benefit is what makes the user a licensee; while if the premises are used for the common interest and mutual advantage of both the user and the owner, by invitation expressed or implied, the user then becomes an invitee." *Hashim* v. *Chimiklis*, 91 N. H. 456, 457. The plaintiff's use of the entrance and archway was for her benefit and not of any advantage to the defendant. She was not a customer or employee of the defendant or any of its tenants nor did she have business relations with them from which an invitation could be implied for their common interest or mutual advantage. *Menard* v. *Cashman*, 94 N. H. 428. The evidence supports the ruling of the Trial Court that she was not an invitee. Upon the evidence the plaintiff was a gratuitous licensee.

The plaintiff testified that she was aware of the icy conditions at the place of the accident and elsewhere and that this condition had existed at the place she slipped for three or four days previously.

She also testified as to the precautions taken to avoid falling. "I walked very slowly and balanced myself and took my time so to be careful not to fall." Factually plaintiff's position is similar to *Sandwell* v. *Elliott Hospital*, 92 N. H. 41, 44, where it was said: "She stands no better than a 'gratuitous licensee,' to whom no duty is owed, as to the condition of the premises, except to warn of dangers actually known by the defendant and not open to ordinary observation by the plaintiff. *Hashim* v. *Chimiklis*, 91 N. H. 456; *Locke* v. *Payne*, 81 N. H. 266. Since the icy condition and its attendant dangers were fully observable and fully appreciated by the plaintiff, no duty was imposed on the defendant." The dangerous condition in the present case was not one likely to be undiscovered by the licensee (Restatement, Torts, s. 342) so that liability could be imposed on the defendant. *Mitchell* v. *Legarsky, ante,* 214, 216. It is believed that our cases represent the prevailing rule. Prosser, Torts, *p.* 632: Restatement, Torts *s.* 340.

In view of the conclusions reached, it is unnecessary to consider defendant's other objections to the jury's verdict. In deciding this case it has been assumed that the plaintiff was injured on property owned or controlled by the defendant.

*Judgment for the defendant.*

All concurred.