THE STATE, DEFENDANT IN ERROR, v. SAMUEL LAWSON, PLAINTIFF IN ERROR.

Submitted March 21, 1923—Decided July 31, 1923.

1. To constitute the crime of perjury, in a judicial proceeding, it must be shown that the false swearing occurred before a court or a magistrate having jurisdiction of the matter under investigation.

2. The mayor of a municipality which has been organized and is functioning under the act of 1907 relating to the government of cities of the second class (*Pamph. L.*, *p.* 188), but in which there is no recorder, has jurisdiction to sit as a magistrate for the hearing of a complaint made under the Prohibition Enforcement act of 1922.

On error to the Cumberland County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *H. Byron Lore.*

For the state, *Roscoe C. Ward,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was indicted for and convicted of the crime of perjury. The specific charge laid in the indictment was that, at the trial of one John Mitchell for transporting and selling intoxicating liquor, in violation of the provisions of the Prohibition Enforcement act of 1922, which trial was had before the mayor of the city of Bridgeton, acting in the capacity of a magistrate of said city, the defendant was a witness and testified falsely for the purpose of bringing about the acquittal of Mitchell.

The principal ground of attack upon the validity of the conviction of the defendant is that the mayor of the city of

Bridgeton was without jurisdiction to legally sit as a magistrate for the hearing and determining of the charge against Mitchell, and that, for this reason, a witness examined before him could not be guilty of perjury. It cannot be controverted that to constitute perjury it must be shown that the false swearing occurred before a court or magistrate having jurisdiction of the matter under investigation. 20 *Cyc.* 1411, and cases cited. The underlying question, therefore, is whether the mayor of Bridgeton, claiming to sit as a magistrate, has jurisdiction of the offense charged against Mitchell.

The Prohibition Enforcement act of 1922 (*Pamph. L.,* p. 616, § 9) confers jurisdiction upon certain named "magistrates" to take complaints for violations of the statute, to issue warrants thereunder, and to hear and determine the charges contained in such complaints. Among the "magistrates" upon whom this jurisdiction is conferred are judges of city criminal courts, police justices and recorders of the several municipalities of the state.

The city of Bridgeton was organized and is functioning under the act of 1907, entitled "An act relating to, regulating and providing for the government of cities of the second class," &c. *Pamph. L.,* p. 188. Section 30 of that act (at p. 211) vests in the mayors of municipalities adopting its provisions, and in which there is no recorder, all the powers with which recorders in other cities of a like class were then or might thereafter be invested. It is admitted by the defendant that no recorder's court has been established in the city of Bridgeton either prior to or since its organization under the act of 1907. By force of this legislation, therefore, the mayor of that city is vested with all the powers which from time to time have been conferred upon and are now exercised by recorders of other cities of the same class. As has already been pointed out, one of the powers now vested in the recorders of the various municipalities of the state (without regard to their classification) is that conferred by the express language of section 9 of the Prohibition Enforcement act, namely, to hear and determine alleged violations of the

prohibitory provisions thereof. The effect of the provisions of the acts of 1907 and 1922, taken together, is to confer upon the mayor of Bridgeton jurisdiction to hear and determine charges of such violations. This being so, and the false swearing charged against the defendant having taken place at the hearing of a matter over which the mayor had jurisdiction, the ground of attack which we have been discussing fails.

The only other ground upon which a reversal of this conviction is sought is directed at the charge of the court to the jury. The instruction complained of was that the jury "must be satisfied that the state has established the fact of the jurisdiction of the court to hear and determine the complaint which was before it; that is, the complaint charging John Mitchell with the illegal sale and transportation of liquor." The alleged error rests upon the proposition that the question of the jurisdiction of the court in which the charge against Mitchell was tried was a matter for the determination of the court, and should not have been left to the jury. It may be conceded that there was error in this action of the trial judge, but, manifestly, such error was harmless so far as the rights of the defendant were concerned, for, as has already been stated in discussing the first assignment of error, the jurisdiction of the magistrate's court to hear and determine the complaint against Mitchell was conclusively shown to have existed, and the court should so have instructed the jury, instead of leaving it to that body to be determined as a controverted matter of fact. The defendant can take no benefit from this second ground of attack upon the conviction.

The judgment under review will be affirmed.