WALTER J. McCABE, Respondent, *v.* HENRY COHEN et al., Respondents, and GEDEX REALTY CORPORATION, Appellant.

Argued May 24, 1945; decided July 19, 1945.

*William T. Gallagher* and *Emery M. Anderson* for appellant. I. The condition complained of did not constitute a nuisance. (*People* v. *Charles Schweinler Press,* 214 N. Y. 395; *Kitching* v. *Brown,* 180 N. Y. 414; *Mayor of New York* v. *Board of Health,* 31 How. Pr. 385; *Cooper* v. *Schultz,* 32 How. Pr. 107; *Coe* v. *Schultz,* 47 Barb. 64; *United States* v. *Gradwell,* 243 U. S. 476; *Antonsen* v. *Bay Ridge Savings Bank,* 266 App. Div. 164, 292 N. Y. 143; *Murphy* v. *City of Brooklyn,* 98 N. Y. 642; *Bruszacynaska* v. *Ruby,* 267 App. Div. 539, 294 N. Y. 22; *People* v. *New York Edison Co.,* 159 App. Div. 786; *Transit Comm.* v. *Long Island R. R. Co.,* 253 N. Y. 345.) II. The judgment is not supported by the precedent of *Pharm* v. *Lituchy* (283 N. Y. 130). (*Campbell* v. *Holding Co., Inc.,* 251 N. Y. 446; *Wilks* v. *N. Y. Telephone Co.,* 243 N. Y. 351; *Waggoner* v. *Jermaine,* 3 Denio 306; *Bond* v. *Smith et al.,* 113 N. Y. 378.) III. The issues were properly saved for review. (*Martin* v. *Herzog,* 228 N. Y. 164; *Fitzpatrick* v. *International Ry. Co.,* 252 N. Y. 127; *Wood* v. *Duff-Gordon,* 222 N. Y. 88; *Zeffiro* v. *Porfido,* 265 App. Div. 185; *Devoy* v. *Irish World & Am. Industrial L. Co., Inc.,* 208 App. Div. 319; *Swift* v. *Poole,* 172 App. Div. 10; *Goodheart* v. *American Airlines, Inc.,* 252 App. Div. 660; *Meriden Gravure Co.* v. *Bedell,* 232 App. Div. 454; *Raible* v. *Hygienic Ice & Refrigerating Co.,* 134 App. Div. 705; *Newburgh T. & S. Co.* v. *Pure Oil Co.,* 284 N. Y. 293.)

*Thomas J. O'Neill, Daniel Danziger* and *Leon A. Mnuchin* for plaintiff, respondent. I. The undisputed evidence established as a matter of law that appellant created and for a long time knowingly maintained a statutory nuisance which caused plaintiff's injuries. (*Pharm* v. *Lituchy,* 283 N. Y. 130; *Chotapeg, Inc.,* v. *Bullowa,* 291 N. Y. 70.) II. Defendant-appellant having created or maintained a nuisance and having quitclaimed its premises with a nuisance thereon is liable to plaintiff who was injured as the proximate result of the creation or maintenance of this nuisance. (*Pharm* v. *Lituchy,* 283 N. Y.

130; *Wilks* v. *N. Y. Telephone Co.*, 243 N. Y. 351; *Ahern* v. *Steele et al.*, 115 N. Y. 203; *Plumer* v. *Harper*, 3 N. H. 88; *Curtice* v. *Thompson*, 19 N. H. 471; *Brown* v. *St. Louis*, 268 S. W. 678; *Lamb* v. *Roberts*, 72 So. 309; *Philips* v. *Mutual Life Insurance Co.*, 20 N. Y. S. 2d 609, 21 N. Y. S. 2d 394; *Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127; *McLaughlin* v. *Kelly*, 79 Atl. 552; *Eastman* v. *Amoskeag Manufacturing Company*, 44 N. H. 143; *Brown* v. *St. Louis, San Francisco R. R. Co.*, 268 S. W. 678; III. No proper exception to the charge was taken by appellant.

*Samuel J. Penn* and *H. Sidney Landau* for defendants-respondents. I. Defendants-respondents had no notice of the dangerous condition of the premises. II. The condition of the building constituted a nuisance. (Administrative Code of the City of New York, § 564–15.0.)

*Per Curiam.* There was evidence from which the jury could have found that the president of the defendant-appellant knew that the fire escapes, including the stairway in question, were " at a point where further corrosion would make them dangerous "; that he had reason to believe that the vendee would not realize the risk involved and that he failed to disclose this condition to the vendee. Under the rule approved in *Kilmer* v. *White* (254 N. Y. 64) and in *Pharm* v. *Lituchy* (283 N. Y. 130), the trial court properly refused to dismiss the complaint (Restatement of Torts, § 353).

In view of the defendant-appellant's failure to take proper exception to the charge with respect to sections 564–15.0 and C26–193.0 of the Administrative Code, we do not pass upon the applicability of those sections to the evidence in this record.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment affirmed.