## Lee A. Delphia et al v. Howard W. Proctor et al

[196 A.2d 567]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Gerard F. Trudeau* for the plaintiffs.

*W. Edson McKee* for the defendants.

**Holden, J.** The plaintiffs suffered the loss of their household furnishings and other personal property when fire destroyed the apartment they rented from the defendants in Middlebury, Vermont. The leased property consisted of one side of a two-family dwelling. The defendants took possession of the premises September 1, 1963 under an oral agreement for rental from month to month. During the first month of their occupancy, the landlord sold the entire property to the defendants. After the transfer the plaintiffs continued their tenancy with the defendants. The defendants took up residence in the adjoining unit.

Early in October the plaintiff Lee Delphia notified the defendant Howard Proctor that there was an electrical switch in the stairway to the second floor that "didn't work too well." He also asked the defendant to fix a leak in the bathroom. The defendant assured the plaintiff that he would attend to these defects.

The defendants renewed these undertakings on one or more occasions and, in particular, when an increase in rent was requested and paid. In the early morning of November 16, 1961, a fire broke out in the cellar under the plaintiffs' apartment. The investigation

conducted by the Middlebury Fire Department disclosed that the probable cause of the fire could be traced to defective wiring in the plaintiffs' cellar. An open wire across a water pipe that fed to a hot water tank was assigned by competent witnesses as the origin of burning.

Upon these facts the trial court directed a verdict for the defendants. The plaintiffs appeal. It is their contention that the issue of negligence should have been submitted to the jury. The claim of negligence is based upon the defendants' failure to perform their agreement to repair the defective wiring.

The problem of a landlord's liability to his tenant for failure to perform his promise to repair the leased premises is a restless one, subject to persistent change. Much diversity of judicial opinion has developed in the trend away from early concepts of the common law that the defaulting landlord could be held only for his breach of contract, with recovery measured only by the cost of repair. See *Soulia* v. *Noyes*, 111 Vt. 323, 16 A.2d 173; *Faber* v. *Creswick*, 31 N. J. 234, 156 A.2d 252, 78 A.L.R.2d 1230, 1235; *Cullings* v. *Goetz*, 256 N. Y. 287, 176 N.E. 397, 398; *DeClara* v. *Barber Steamship Lines*, 309 N. Y. 620, 132 N.E.2d 871, 875; *Sanderson* v. *Berkshire Hathaway* (1957 C.A. 2 Vt.) 245 F.2d 931, 933; Harkrider, Tort Liability of a Landlord, 26 Mich. L. Rev. 383, 393; annotations 78 A.L.R.2d 1241; 163 A.L.R. 300; 8 A.L.R. 765.

The question reached this Court by way of a demurrer in *Soulia* v. *Noyes, supra,* 111 Vt. 323. The opinion of Chief Justice Moulton accepts the doctrine that liability may be imposed against a landlord for injuries caused by a defective condition in the premises according to the limits of the lessor's possession and control of the area which gives rise to the injury.

Let us turn to possession and control as those issues were presented to the jury. The plaintiffs refer us to passages in their testimony wherein the defendant Proctor made some changes in the electrical wiring to accommodate the installation of his photographic equipment. But this was accomplished entirely on the landlord's side of the duplex house and was unrelated to the defective switch in the plaintiffs' apartment.

There was also evidence that Mr. Proctor was allowed free access to the plaintiffs' cellar for reasons unknown to the tenants.

The plaintiffs make no claim that the defendants retained this area from the leasehold. And there is no indication that the defendants' entry into the plaintiffs' cellar was for the purpose of servicing the wiring system.

The plaintiffs' right to have the issue of liability submitted to the jury rests entirely and exclusively on the defendants' promise to repair the defective switch. It was said in *Soulia* v. *Noyes, supra,* 111 Vt. at 327 that occupation and control are not reserved by the landlord's bare agreement to repair. Whether such a compact, under some circumstances, will impose a duty of affirmative action to give rise to a cause of action for negligent omission, we need not decide on the facts presented here.

The defendants' undertaking as far as electric wiring was concerned, was specifically limited to a single appliance. Defective it may have been, but there is nothing in the plaintiffs' case to connect that device with the cause of the fire. Expert evidence presented by the plaintiffs fixed the origin of the burning at the point where an open wire came in contact with a hot water pipe. No evidence, direct or by circumstance, marks the light switch as the injuring agency. And there was no claim nor proof that the light switch was a separate or independent cause of the burning.

Thus, there is nothing to establish that the electric switch created an unreasonable fire hazard which would have been avoided by the defendants' performance of their agreement to correct the deficiency. Without this, there was no legal justification for a finding by the jury that the plaintiffs' loss was a proximate consequence of the defendants' neglect. *McDonald* v. *Montgomery Ward,* 121 Vt. 221, 229, 154 A.2d 469, 80 A.L.R. 2d 590; *Tedrow* v. *DesMoines Housing Corp.,* 219 Iowa 766, 87 N.W.2d 463, 86 A.L.R.2d 830, 834, and annotation §2, p. 840. See also *Walker & Dunlop Inc.* v. *Gladden* (1946 D. C.) 47 A.2d 510, 512.

*Judgment affirmed.*