91 N.J. Super. 38 (1966)
219 A.2d 178
WILLIAM BREE, PLAINTIFF-APPELLANT,
v.
JOSEPH JALBERT AND MALLA JALBERT, DEFENDANTS-RESPONDENTS AND THIRD PARTY PLAINTIFFS-RESPONDENTS,
v.
PACCO CONTRACTING COMPANY, INC., THIRD PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1966.
Decided April 12, 1966.
Before Judges SULLIVAN, LEWIS and KOLOVSKY.
*39 Mr. David Cohn argued the cause for appellant (Mr. Daniel Crystal, on the brief).
Mr. Frank W. Cerutti argued the cause for respondents Joseph Jalbert and Malla Jalbert (Messrs. DeSevo & Cerutti, attorneys).
Mr. James G. Pappas argued the cause for respondent Pacco Contracting Company, Inc.
PER CURIAM.
Plaintiff William Bree was injured when he fell on a parking lot adjacent to garden-apartment buildings. Suit was instituted by him against Joseph Jalbert and Malla Jalbert, owners, who moved to bring in as a third-party defendant Pacco Contracting Company, Inc., the contractor that had graded and paved the area in question. Thereafter plaintiff amended his complaint to assert a claim against Pacco. There were two trials, the first having ended when the jury was unable to agree upon a verdict. At the second trial the jury returned a verdict of no cause for action in favor of the defendants.
On appeal to this court plaintiff contends, inter alia, that the trial court committed reversible error in permitting testimony, in violation of a stipulation between counsel, with respect to a swale condition in the paved portion of the parking lot. We are satisfied that the purpose of the agreement was to eliminate the prejudicial influence that might attend the introduction of proof of remedial repairs subsequent to the accident, and that the stipulation was not as broad and comprehensive as plaintiff contends. Moreover, plaintiff did not object to the challenged testimony at the time it was proffered, nor did he avail himself of an opportunity to adduce rebuttal proof. We are not convinced that the introduction of the evidence describing the physical condition of the property at the time of plaintiff's mishap violated the stipulation.
It is also urged that the trial court committed plain error in accepting a general verdict of no cause for action *40 from the jury without requiring it to answer four special interrogatories propounded by the court. That phase of the case was argued before the trial judge on plaintiff's motion for a new trial and was denied in a carefully considered opinion reported at 87 N.J. Super. 452. We agree in essence with the decision of Judge Botter in the Law Division and note, as he did at the conclusion of his opinion, that the jury's failure to answer the interrogatories was not inconsistent with the general verdict, and that counsel for plaintiff made no objections to the receipt of the verdict when it was returned.
The remaining points raised on appeal have been considered and we find them to be without merit.
Judgment affirmed.