95 N.J. Super. 62 (1967)
229 A.2d 823
JOHN HUT, AN INFANT BY HIS GUARDIAN AD LITEM ELIZABETH HUT, AND ELIZABETH HUT, INDIVIDUALLY, PLAINTIFFS,
v.
JOHN ANTONIO, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
AARON A. GUTH, MURRAY GUTH, HYMAN GUTH, BLANCHE ROSEN, EDWARD C. REILLY, AND ASSOCIATES: AND EDWARD C. REILLY, INDIVIDUALLY, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued March 23, 1967.
Decided April 14, 1967.
*64 Mr. Arnold L. Simon argued the cause for defendant and third-party plaintiff John Antonio (Messrs. Simon & Kaufman, attorneys).
Mr. Robert F. Dato argued the cause for third-party defendants Aaron A. Guth, Murray Guth, Hyman Guth and *65 Blanche Rosen (Messrs. Kovacs, Anderson, Horowitz & Rader, attorneys).
Mr. Arthur W. Burgess argued the cause for third-party defendants Edward C. Reilly and Associates and Edward C. Reilly, individually (Messrs. Toolan, Haney & Romond, attorneys).
HALPERN, A.J.S.C.
This is a motion for summary judgment by all the third-party defendants with respect to the claims made against them by John Antonio, the third-party plaintiff. Considering the facts most favorably to Antonio they present this picture: The third-party defendants Aaron Guth, Murray Guth, Hyman Guth, and Blanche Rosen (hereinafter referred to as "Guths") inherited certain real estate in Perth Amboy consisting of three tenements housing twelve families. On the rear boundary line there existed a hollow tile cement wall. The Guths sold the entire property to Antonio about November 15, 1961. The conveyance was made subject to the rights of owners in any party walls and to such state of facts which a survey and inspection of the premises would disclose. Prior to the conveyance Antonio ordered a survey from the third-party defendant Edward C. Reilly & Associates and Edward C. Reilly (hereinafter referred to as "Reilly"). The survey failed to disclose the hollow tile wall as being part of the property in question. For the purposes of this motion I will assume Antonio did not have actual knowledge prior to the accident which is the subject matter of this suit, that the hollow tile wall was part of the property he bought. On September 21, 1965 the infant plaintiff while playing on, or near, the hollow tile wall was injured when it allegedly collapsed. (At the time of oral argument the parties to this suit were unable to state how the alleged accident happened, or whether the wall collapsed.)
On November 3, 1965 the infant plaintiff, by his guardian ad litem, instituted this suit against Antonio charging him with negligence in maintaining a nuisance and failing to *66 properly maintain the hollow tile wall. Antonio brought in the Guths, as third-party defendants, contending they were joint tortfeasors and claiming contribution from them, and also seeking indemnity. The thrust of his argument is that the Guths maintained a nuisance on the premises (the wall) and since they didn't reveal this to him they are legally responsible to him as indemnitors or joint tortfeasors. The plaintiff does not charge the Guths with any misrepresentations concerning the wall.
Antonio also brought in Reilly, as a third-party defendant, contending he was negligent in making the survey by failing to show thereon the wall here in question. This negligence he argues makes Reilly a joint tortfeasor or entitles him to indemnification if he is held liable to the plaintiff.
The motions for summary judgment by the Guths and Reilly followed.

GUTHS' MOTION
For the purposes of this motion I will assume that the wall was a dangerous condition on Antonio's land when it was sold to him by the Guths, and that plaintiff's injury was causally related to this dangerous condition. The general rule of law applicable is that a seller of realty is not liable for injury to a buyer in possession, or to any third party, which is caused by a dangerous condition on the premises, whether natural or artificial, which existed when the buyer took possession. Sarnicandro v. Lake Developers, Inc., 55 N.J. Super. 475 (App. Div. 1959). The only exceptions to this general rule are (1) if the seller created the dangerous condition and conveyed it in that condition; (2) if the seller created a nuisance and it involves an unreasonable risk of harm to the public or a neighbor, the seller may be held responsible at least for a reasonable length of time after he has parted with possession; and (3) if the seller fails to disclose a dangerous condition known to him but not to the vendee, and the vendee would probably not discover it or its potentiality for harm. Restatement (Second) Torts, ¶ 352 (1965).
*67 None of the exceptions to the general rule are applicable. Under (1) and (2) the Guths never created the alleged dangerous condition or nuisance which puts them outside the exception. Furthermore, almost four years elapsed between the sale to Antonio and the alleged incident, which is more than the reasonable time mentioned above. The exception in (3) cannot be said to apply since it clearly applies to latent conditions and not to open and visible objects.
The deed from the Guths to Antonio dated November 15, 1961 and recorded in Deed Book No. 2307 p. 353 clearly sets forth the fact that the conveyance was made subject to the following conditions:
"Subject to the rights of owners adjoining on the East and West in the party walls running part way along the Easterly and Westerly side of lot (between the adjoining buildings and shed in rear) as party walls, and subject to the rights or estates, if any, of adjoining owner on the East, because building or adjoining property encroaches .03 feet over the Easterly line of premises in question.
This conveyance is made subject to the following  statutory and municipal requirements relating to land and buildings, their construction and use; and such estate of facts which a survey and inspection of the premises would disclose, and in accordance with survey made by Louis P. Booz Jr. Civil Engineer and Surveyor May 17, 1928; restrictions of record, if any."
These provisions in the deed give Antonio constructive, if not actual, notice of the existence of the wall  he cannot now say he did not know of it. Under these circumstances there is no basis for applying any doctrine but the general rule applicable in the ordinary case of the sale of realty. See Levy v. C. Young Construction Co., Inc., 46 N.J. Super. 293 (App. Div. 1957), affirmed 26 N.J. 330 (1958); Copfer v. Golden, 135 Cal. App.2d 623, 288 P.2d 90 (Cal. D. Ct. App. 1965).
Antonio relies heavily upon the case of Schipper v. Levitt & Sons, Inc., 44 N.J. 70 (1964), which case held the mass producer of homes liable for installing an inadequate hot water system resulting in injury to the plaintiff. In my opinion, Schipper is not applicable to an isolated sale of a house  Schipper should be applied only to sellers engaged in *68 the mass production and sale of houses so as to bring into play the doctrine of implied warranty of fitness for the purposes intended, as in the law of personal property dealing with products liability.
Furthermore, in order for Antonio to obtain contribution from the Guths as joint tortfeasors it is necessary for the plaintiff to be able to maintain an action against the Guths. No authority is presented by Antonio, and I know of none, which would permit a suit by plaintiff against the Guths. Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32 N.J. 55 (1960), in which case the court cited with approval the holding in Sattelberger v. Telep, 14 N.J. 353, 367 (1954):
"The plaintiff must prove that he and the defendant in contribution are in aequali jure; he cannot prevail unless the injured person also had a cause of action for the tortious injury against the defendant called on for contribution."

REILLYS' MOTION
For the purposes of this motion I make the same factual assumptions I made on the Guths' motion; in addition, I will assume that when Reilly made the survey for Antonio in November, 1961 he failed to show the wall as being on the property in question. Here again, Antonio seeks contribution from Reilly as a joint tortfeasor and for indemnity.
With respect to the claim for contribution I again hold here that since plaintiff could not sue Reilly, Antonio cannot obtain contribution from Reilly. Reilly breached no duty owing to plaintiff and his negligence, if any, did not contribute to the happening of this accident. See Huber v. Serpico, 71 N.J. Super. 329 (App. Div. 1962); Reimann v. Monmouth Consolidated Water Co., 9 N.J. 134 (1952); Sydney Grossman Hotel Corp. v. Lakewood Water Co., 27 N.J. 91 (1958).
Antonio's argument based on the theory of indemnity applies to the Guths and Reilly and will be considered together.
*69 Initially it must be noted that in neither case was there a written contract of indemnity between Antonio and the third-party defendants. The only other theory the defendant can recover upon is the concept of "implied indemnity." The New Jersey cases have separated the law in this area into two distinct categories: (1) where the negligence of the purported indemnitee is "principal" or "primary" and (2) where the indemnitee's negligence is merely "constructive" or "vicarious." In the former situation the courts have refused to apply the doctrine, in the latter they have uniformly allowed it. The basic rule was stated by the court in Public Service Electric & Gas Co. v. Waldroup, 38 N.J. Super. 419 (App. Div. 1955). The case involved a construction accident. It had already been determined that Public Service was primarily liable to the injured party. The court refused to allow Public Service to bring an action for indemnification against a fellow servant and another contractor, holding that:
"* * * the right of indemnity is granted only to those whose liability is secondary and not primary, i.e. whose negligence is not morally culpable but is merely constructive, technical, imputed or vicarious * * *" (at p. 432)
This decision has been uniformly followed. See Daily v. Somberg, 28 N.J. 372 (1958); Huber v. Serpico, supra; Bree v. Jalbert, 87 N.J. Super. 452 (Law Div. 1965), affirmed 91 N.J. Super. 38 (App. Div. 1966); Stillwell v. McGrath, 85 N.J. Super. 252 (Law Div. 1964); Rommell v. United States Steel Corp., 66 N.J. Super. 30 (App. Div. 1961); Adler's Quality Bakery, Inc., v. Gaseteria, supra.
The cases established this rule: a person who is, or may be, primarily liable to the injured party cannot seek indemnification under the theory of implied indemnity. The rationale behind the rule is supported by sound public policy. The loss, as a matter of law, should fall on the one whose negligence actually occasioned it. It is in support of this policy that the "constructive" or "vicarious" wrongdoer is allowed to bring his action for indemnity against the party *70 who is primarily responsible (see "The Employer's Right to Indemnification for Third Party Claims Generated by the Employee's Negligence," 18 Rutgers L. Rev. 500). It would violate this policy to allow the primary wrongdoer to bring an action for indemnification against another party. His only remedy, in the absence of a contract of indemnity, is for contribution  a remedy totally different from that of indemnification. These remedies are mutually exclusive because one primarily liable is denied the right of indemnification and, under the Joint Tort-Feasors Contribution Act, one only "constructively" or "vicariously" liable may not be held for contribution: N.J.S. 2A:53A-1 et seq.; Adler's Quality Bakery Inc. v. Gaseteria Inc., supra; Public Service Electric and Gas Co. v. Waldroup, supra; Public Service Railroad Co. v. Matteucci, 105 N.J.L. 114 (E. & A. 1928).
On the facts in the instant case Antonio's liability is primary. He was the owner in possession of the premises and the wall where plaintiff was allegedly injured. That being so, Antonio cannot maintain an action for indemnity against either of the third-party defendants.
Since my holding disposes of the third-party suits against the Guths and Reilly I need not decide the other issues raised by the parties or any other issues not presented by the matter before me.
The motions for summary judgment by the Guths and Reilly will be granted. Counsel will present appropriate orders.