**Elaine and Roy Wakefield v. Tygate Motel Corporation d/b/a Econo Lodge**

[640 A.2d 981]

No. 93-108

Present: **Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 28, 1994

*Geoffrey W. Crawford, Jerome F. O'Neill* and *Douglas L. Cade* of *O'Neill and Crawford,* Burlington, for Plaintiffs-Appellants.

*James W. Spink* and *Jeffrey J. Nolan* of *Dinse, Erdmann & Clapp,* Burlington, for Defendant-Appellee.

**Morse, J.** This case presents the question of how specific jury instructions must be at the request of a party. In this "slip and fall" personal injury action, plaintiffs Elaine and Roy Wakefield asked the court to relate the law of negligence to the factual setting—ice on defendant's sidewalk—in the jury instructions. The court did so in part, but not in as much detail as plaintiffs wanted. The jury rendered a verdict for defendant Tygate Motel Corporation. Plaintiffs appeal the jury instruction and also three evidentiary rulings, which they claim as a group constituted reversible error. We affirm.

## I.

On March 19, 1989, Elaine Wakefield, a guest leaving defendant's motel in South Burlington, was injured when she slipped on ice and fell on defendant's sidewalk a short distance from the entrance.

Plaintiffs requested the trial court to instruct the jury that defendant had

> a duty to exercise reasonable care . . . in keeping [entrances] reasonably safe *from the danger incident to accumulations of ice and snow.* Such accumulations are bound to develop in the ordinary experience of the Vermont winter climate and are thus entirely foreseeable.
>
> If you find that Tygate Motel Corporation knew or ought to have known of the existence of a *dangerously icy condition on the walkways* of the Econo Lodge on the date in question and failed to take reasonable steps to alleviate that condition, you must find that Tygate Motel Corporation breached the duty of care it owed Mrs. Wakefield.

(Emphasis added.) The court, however, instructed the jury in relevant part:

> Defendant owed plaintiff the duty to use reasonable care to keep its premises in a safe and suitable condition.
>
>      . . . .
>
> Winter weather is a reality of life in this area. On the one hand slippery conditions cannot be wholly prevented, but on the other they are foreseeable.

The relevant differences between what plaintiffs requested and the court's instructions are apparent. Plaintiffs claim error occurred because the court did not mention "accumulations of ice and snow" and did not describe the spot where plaintiff fell as the "dangerously icy condition on the walkways."[1]

---

[1] The reality-of-winter-weather statement—which seems true on its face, but which the dissent finds deficient—was not the subject of plaintiffs' objection and, therefore, was not preserved for review. See V.R.C.P. 51(b) (no error may be assigned to jury instruction without a specific objection).

■ Plaintiffs' request was taken virtually verbatim from *Smith v. Monmaney*, 127 Vt. 585, 588, 255 A.2d 674, 676 (1969), in which this Court held that one responsible for premises has a duty to use reasonable care to keep entrances safe from accumulation of ice and snow. We continue to agree with *Smith*, but point out that the same duty that applies specifically to the accumulation of ice on walkways applies generally to all parts of a premises and to any danger to persons. The dangerousness of a condition—for example, the likelihood of slipping on an *icy* sidewalk as opposed to a merely *wet* sidewalk—is a factor to consider when assessing whether defendant acted reasonably under the circumstances.

■ Plaintiffs begin their argument by saying that the "modern" rule, reflected in *Smith*, "which places an affirmative duty on the property owner to remove accumulations of snow and ice," was not reflected in the trial court's instruction. We note that such a rule, modern or ancient, is contrary to *Smith* and does not appear in any case we can find. Negligence is not viewed as an absolute rule of conduct but depends upon the circumstances. See *id.* (duty to keep sidewalk reasonably safe from ice and snow is not absolute, and defendant is not an insurer of plaintiff's safety).

Plaintiffs also claim that the instruction "was too general to provide any genuine guidance to the jury . . . [and] would apply to any premises liability case—indoors or out." Plaintiffs submit the court must, upon request, elaborate with reference to the facts of the case, so that the jury is not left, according to plaintiffs, "to speculate about whether any duty existed at all to remove accumulations of ice and snow."

■ We do not subscribe to a rule that requires the trial court to fashion its instructions to include every relevant and correct detail proposed by a party. Jury instructions so composed often become patchwork recitations offered by the parties, lacking coherent structure and flow. The more specific instructions become by reference to disputed facts, the more they resemble the parties' respective arguments. Rather, the court should instruct "the jury thoroughly and accurately on each evidentiary point that is significant and *necessary* to an

informed decision." *Arnold v. Cantini*, 154 Vt. 142, 145, 573 A.2d 1193, 1194 (1990) (emphasis added). What is "necessary" is within the trial court's discretionary judgment. This simply means that the jury charge as a whole should reasonably inform the jury of the law to be applied to the facts. The jury's ability to grasp the case is too often underestimated. We take into account when evaluating the court's exercise of discretion that the jury embodies the collective wisdom of a number of individuals applying the common sense of the community.

We do not believe the jury in this case would have been misled by the generality of the court's instructions. The instructions here minimized any danger that one or the other party might be favored in the litigation. The evidence was not complicated, and the jury must have understood that plaintiffs claimed defendant was negligent in failing to keep the entrance walkway safe from ice. No error occurred.

## II.

A number of objections were made when defendant's manager of buildings and grounds, Brian Foster, testified on behalf of his employer. Plaintiffs objected to defendant "leading" the witness, to the use of the witness' deposition, and to giving his opinion as an expert. The objections were overruled. Plaintiffs contend that the cumulative effect of these rulings was so unduly prejudicial as to require reversal and a new trial. We hold that the trial court was well within the scope of its discretion in making the evidentiary rulings.

## A.

First, the questions were not leading.[2] A leading question, which is not favored on direct examination, "suggests to the

---

[2] The allegedly leading questions were:

"Did you ever have any concern with guest safety with your program at the Econo Lodge during your ten years of experience there with using salt only, calcium chloride only, on walkways?"

"Other than this one instance in ten years that we just talked about, was there ever any other time during your ten years when you felt that in terms of guest safety it was necessary for you to include sand or add sand or put

witness the answer desired by the questioner." McCormick, Evidence § 6, at 11 (3d ed. 1984). Plaintiffs' definition of an impermissible leading question, one that simply calls for either a yes or no answer, is too narrow. A question which calls for a yes or no answer is not objectionable per se. There was no violation of V.R.E. 611(c) (leading questions discouraged but not forbidden on direct examination).

### B.

■ Second, no error occurred with respect to the use of the witness' deposition. During its examination of Foster on redirect, defendant referred to portions of his pretrial deposition testimony. Plaintiffs claim that these references constitute a violation of the rule against hearsay. See V.R.E. 801 and 802. As permitted by V.R.C.P. 32(a)(1), plaintiffs had cross-examined Foster about some of his answers in his pretrial deposition taken of him before trial. In that event, V.R.E. 106 and V.R.C.P. 32(a)(4) permit defendant to put the witness' pretrial statements in context. V.R.C.P. 32(a)(4) states: "If only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts."

Although defendant rather than plaintiffs, at defendant's insistence, referred to other parts of the deposition, the court had discretion to allow the redirect examination under the rule. Moreover, even if use of the deposition on redirect was improper, we perceive no prejudice to plaintiffs. The parts of the deposition referred to were substantively admissible, even if the form of the statements may not have been.

### C.

Finally, plaintiffs' objection that defendant did not disclose the buildings and grounds manager as an expert is groundless. The witness did not testify as an expert. As a supervisor, he was

---

sand on walkways?"
"If there were a situation where a guy on duty felt he needed help, was there a system in place, a policy you guys have, about getting help?"

asked to assess the performance of an employee in accordance with maintenance procedures. The question posed did not call for an answer based on "scientific, technical, or other specialized knowledge." V.R.E. 702. Rather, the question objected to on that ground was: "From what you understand about what [your employee] did that Sunday morning, do you have any reason to disagree [with] or criticize what [he] did that day?" The answer was "No."

First, the transparent self-serving nature of the question and answer would hardly impress the jury. Moreover, the witness was not questioned as an expert. The record shows he was questioned as a fact witness. He was in charge of the safety of the premises in question. He knew the procedures when icy conditions threatened and was asked to evaluate his employee's conduct in keeping with them, not his opinion of what the procedures should have been. In short, his testimony was entirely based on first-hand knowledge, not theoretical supposition. That he learned from others about the accident and what his employee had done before the accident was not given as a ground for the objection. There was no error.

*Affirmed.*

**Johnson, J.,** dissenting. I cannot agree with the majority's holding that the instructions in this case satisfied the trial court's duty to charge the jury fully and correctly. The charge may have adequately set forth the essentials of negligence law in the abstract, but the court needed to do more than this. It had a duty to instruct the jury fully and correctly upon every point indicated by the evidence and material to a decision of the case. *Sachse v. Lumley*, 147 Vt. 584, 588, 524 A.2d 599, 601 (1987). We have repeatedly condemned jury instructions that fail to go beyond the mere abstract. *Roberts v. State*, 147 Vt. 160, 167, 514 A.2d 694, 698 (1986); *Nauceder v. Howard*, 127 Vt. 274, 278, 247 A.2d 76, 78–79 (1968).

It is true, as the majority explains, that *Smith v. Monmaney*, 127 Vt. 585, 255 A.2d 674 (1969), does not impose an unqualified duty to remove snow and ice on persons responsible for the care of commercial premises. Rather, the duty owed by innkeepers

and the like is one of reasonable care. Whether and when snow and ice removal falls within that general duty depends on the particular circumstances. My quarrel with the majority is that the charge in this case was so thin that it could not provide sufficient guidance to the jury in its attempt to apply the law to the questions before it—whether, if the sidewalk was dangerously slippery, the defendant knew or should have known of it and, if so, whether it had taken reasonable steps to alleviate the condition.

The court below compounded its error when it did venture briefly into the realm of the specific to state: "Winter weather is a reality of life in this area. On the one hand, slippery conditions cannot be wholly prevented, but on the other, they are foreseeable." Whatever the jury understood from the general charge, the court's comment on the realities of winter weather suggested that one must accept that one may fall down in wintertime and that fault is usually, or perhaps never, at issue. That statement, moreover, could not be cured by the sentence that followed because it contained nothing to assure that the jury would relate the word "foreseeable" to the nature of the duty owed by the innkeeper. As used there, "foreseeable" could just as easily be understood to mean that the plaintiff should have taken more care. In the absence of a more complete explication, therefore, the reality-of-life-in-winter statement was prejudicial.

Furthermore, whereas the rest of the instruction was given largely in legal jargon, this part of the charge, being in "plain English," may have been more comprehensible to the jury and, accordingly, given more weight. Depending on what they made of it, the jury could have used it to conclude either that the defendant owed no duty of care in the circumstances, that the duty was irrelevant, given winter conditions, or that fault, if any existed, was wholly on the part of the plaintiff. I heartily support the use of plain language in jury instructions to the extent possible, but there simply was not enough plain language here to clarify the point that the court was evidently attempting to make.

I would reverse the judgment below and remand for a new trial.